452 So.2d 1004 (1984)
Dr. and Mrs. Constantino C. Del CAMPO, et al., and Florida Wildlife Federation, Inc., Appellants,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, and Ortega Island, Inc., Appellees.
No. AW-1.
District Court of Appeal of Florida, First District.
June 21, 1984.
Rehearings Denied July 26, 1984.
*1005 Timothy Keyser, Interlachen; Wm. M. Howell of Howell, Liles, Braddock & Milton, Jacksonville, for appellants.
J. Alan Cox, Asst. General Counsel, Tallahassee, for Dept. of Environmental Regulation.
Robert M. Rhodes, Terry E. Lewis, and Cari L. Roth of Messer, Rhodes & Vickers, Tallahassee, for Ortega Island, Inc., appellee.
MILLS, Judge.
The controversy in this appeal centers around a proposed bridge which would connect an island in the Ortega River to the mainland in Jacksonville, Duval County, Florida. The Department of Environmental Regulation (DER) issued an order allowing Ortega Island, Inc., to construct the bridge. We reverse the order on appeal and remand for further proceedings.
Pursuant to Chapters 253 and 403, Florida Statutes (Supp. 1982), and Rules 17-4.28 and 17-4.29, Florida Administrative Code, Ortega Island, Inc. applied to the DER for a dredge-and-fill permit to construct a bridge across a man-made canal, known as the Stockton Canal. The bridge would provide access to Ortega Island, a 42-acre island located in the Ortega River and would serve a residential development to be constructed on the highest part of the island.
Appellants, a group of local residents joined by an environmental group, objected to the issuance of the permit and requested and received a hearing under Section 120.57(1), Florida Statutes (1981). At the hearing, the appellants attempted to introduce evidence of the proposed development's possible environmental impact on the island. They were foreclosed from doing so by the hearing officer, however, who later concluded in his recommended order:
The bridge application must be granted or denied on its own merits and speculation about the utilization of the island for purposes of development need not and properly should not be considered as a part of this present hearing. Consideration of the island development is a matter to be examined on another occasion.
In its final order granting the requested permit, the DER upheld that conclusion. We hold that both the hearing officer and the DER erred in limiting the scope of the hearing in this manner.
As the appellants correctly note, under the view taken by the hearing officer and the DER, the vast sums of time, energy, labor, and capital which would necessarily be expended to complete the bridge would be wasted should the DER or other governmental *1006 entities refuse to allow development of the island. We cannot approve risking the possibility of such an unconscionable waste of resources.
We also agree with appellants that the DER abused its discretion in failing to require proof of the financial responsibility of Ortega Island, Inc., pursuant to Rule 17-4.11, Florida Administrative Code. From the record, it appears that the only information known about the developer, other than its corporate name, is that the permit application was signed by one Jack C. Davis. We consider this information insufficient to justify the DER's decision not to require proof of the developer's financial status.
We have considered the other points raised by the appellants and by the DER and have found them to be without merit.
Reversed and remanded for proceedings consistent with this opinion.
NIMMONS, J., concurs.
SMITH, J., specially concurs and dissents in part with an opinion.
SMITH, Judge, specially concurring, and dissenting in part.
In their petition and request for a hearing directed to the Department of Environmental Regulation, appellants alleged that the proposed development of Ortega Island would have significant damaging impacts upon the environment, particularly the waters of the Stockton Canal and the surrounding Ortega River. These allegations, which unmistakably presented factual issues relating to the feasibility, from an environmental standpoint, of the entire development, were stricken by order of the hearing officer on motion of the Department and respondent Ortega Island, Inc. In his recommended order, the hearing officer alluded to this earlier ruling, and as indicated in the majority opinion, reiterated his conclusion that the bridge application must be "granted or denied on its own merits," and that the proposed development of the island need not and properly should not be considered as a part of the proceeding concerning the application to build a bridge.
In addressing this particular matter, the Department's final order states, among other things, the following:
The Department has maintained as a matter of law that in reviewing a permit application for a portion of a project it may consider the impacts of associated development, even where no application has been received for that development. As the hearing officer recognized, however, it is not always appropriate to consider such future development. In this particular case there is no evidence in the record to suggest that the applicant could not develop the island in an environmentally sound manner. (emphasis supplied)
Since the Department's own order concedes the propriety of reviewing the impacts of associated development, even where the application for that development is not directly involved in the proceeding, the question arises whether the Department was correct in approving the hearing officer's determination that inquiry concerning the proposed development was not a matter to be considered in this case. Such a determination would obviously be a matter within the sound administrative discretion of the Department, and our review is therefore limited to determination of whether there has been an abuse of that discretion. Here, the Department's order (above quoted, underlined portion) justifies its ruling in part by the observation that there is "no evidence in the record to suggest that the applicant could not develop the island in an environmentally sound manner." As appellants correctly argue, this finding begs the question. For this reason, I would hold that the appellants were improperly prevented from presenting evidence which might have a material bearing upon the propriety of the granting of a permit for the bridge (which admittedly has at least some potentially adverse environmental consequences, although not to an extent which would justify denial of the bridge permit), and would remand for further proceedings for determination of whether the island can be developed *1007 in an environmentally sound manner.
However, I would hold that appellants have not established an abuse of discretion in the Department's failure to require proof of financial responsibility on the part of the applicant, Ortega Island, Inc., and would affirm on this point and all other points raised by appellants.