504 So.2d 1325 (1987)
Margaret MILLER, Appellant,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellee.
No. BN-93.
District Court of Appeal of Florida, First District.
March 18, 1987.
Kenneth G. Oertel, of Oertel & Hoffman, Tallahassee, for appellant.
Bradford L. Thomas, Asst. Gen. Counsel, Dept. of Environmental Regulation, for appellee.
WENTWORTH, Judge.
Appellant Miller presents two issues of law, as to procedural and substantive agency jurisdiction, in this appeal from an April 1986 final order of the Department of Environmental Regulation (DER). The order adopted a second recommended order from a hearing officer and granted a bulkhead permit to Woodland Lake Property Owners in Santa Rosa County. We affirm.
Miller, a nearby landowner, first argues that the second recommended order and its underlying supplemental evidentiary hearing, which Miller did not attend, are without legal effect because of asserted lack of authority for DER's remand to the hearing officer. The November 1985 remand order granted an exception by Miller which stated that the recommended order "is mistaken as a matter of law that the seawall is not prohibited by the Wetlands Act," and that the seawall was prohibited because it was a vertical seawall only partly faced with riprap.[1] The order effectively amended DER's original notice of intent, recited in the findings, by removing an exception from the condition which it imposed in recommending permit approval, i.e., "that riprap be placed adjacent to the bulkhead ... except for an area where the bulkhead crossed ... a stand of tidal marsh grass." (emphasis supplied) Remand was for the limited purpose of determining the impact, if any, from removal of the exception and any consequent destruction of seagrass by placement of riprap adjacent to the entire *1326 seawall. That fact issue had never been determined by the hearing officer, consistent with his erroneous conclusion of law that all riprap need not be adjacent to the wall but could instead be placed away from the wall at points necessary to avoid grass.
On remand the hearing officer found that "the grass ... that was there at the time of the original hearing is now gone ... it was probably removed naturally by the three hurricanes ... during this past Autumn ... approximately 90% ... of the riprap will cover only sand. At one end, there is a transition grass ... which does not create an issue for concern."
From this scenario appellant phrases the legal proposition for reversal as:
State agencies have no inherent authority to remand proceedings for further fact finding by an administrative hearing officer when there is no flaw in the original findings issued from that proceeding. (emphasis supplied)
By the emphasized language appellant misapprehends or misrepresents the agency action recited above. The flaw in the original recommended order, corrected by DER in accord with appellant's exception, was the hearing officer's error of law in finding that the partially offset riprap did not violate the vertical seawall prohibition. That error rendered the order deficient also in omitting a factual impact finding on seagrass destruction, if any, from compliance with the law on riprap placement  the relevance of which the parties would have been on notice if the legal error had been timely raised and correctly decided by the hearing officer.
DER, in reviewing the recommended order as agency adjudicator, had the plain obligation to correct what it then concluded was an error of law[2] The variant circumstance in this case, however, is that by correcting the error of law DER also corrected the condition it had imposed in the notice of intent to issue permit, so as to provide for the required riprap to be adjacent to the wall at all points. Appellant contends that, after the first recommended order was submitted to DER and the conclusion of law was corrected, it could only enter a final order denying the 1983 application for permit because it did not comply with the riprap rule. That contention overlooks the fact that, according to the recommended order, the applicant's noncompliance had been induced by DER action.
Even assuming that after entry of a final order a new application might be filed and all evidentiary issues retried, such a burden cannot reasonably be placed on an applicant who merely complied with agency conditions at the outset, absent explicit statutory mandate or manifest prejudice to a party[3] flowing from the alternative remand *1327 procedure chosen in this case by the agency. No such showing is made by appellant, the argument instead relating to a covert expresio unius theory that the language of the statute,[4] by permissive listing of certain action on recommended orders, intends to exclude other action such as the remand here in question. But the remand in this case was a consequence of DER's performance of its express statutory right to "modify the conclusions of law," which modification is not appealed. That action necessitated factual findings on an issue which the hearing officer had initially disregarded as irrelevant. Conceding that agency powers are only those conferred by the statute, DER's clear obligation was to enter a coherent final order upon the application within all applicable constraints of law.[5] Remand was dictated in these circumstances.[6]
Appellant also points to section 120.57(1)(b)(3), Florida Statutes, as currently amended for matters referred to a hearing officer:
The referring agency shall take no further action with respect to the formal proceeding, except as a party litigant, as long as the division has jurisdiction over the formal proceedings. (emphasis supplied)
That prohibition is clearly confined to action while the hearing officer retains jurisdiction, and is simply irrelevant to agency action in performance of quasi-adjudicative functions after submission of a recommended order. More pertinent would be a consideration of whether the change of agency position, on the legality of riprap placement, was an untimely amendment of the "pleadings" on which the hearing had been conducted. Granting that remand might in certain circumstances operate to deprive a party of due process,[7] such circumstances are not argued here.
Appellant presents as a second issue on appeal the contention that DER erred in construing section 403.918(2), Florida Statutes,[8] against extending its authority to consider non-environmental impacts on "property of others." We find no merit in that contention. The statutory reference to property of others has no logical meaning outside an environmental context in light of the jurisdiction to adjudicate all actions involving the title and boundaries of real property conferred upon circuit courts by section 26.012(2), Florida Statutes. And, as noted by appellee, agencies would not, by their nature, ordinarily have jurisdiction to decide issues of law inherent in evaluation of private property impacts. Department of Environmental Regulation v. Falls Chase Taxing District, 424 So.2d 787 (Fla. 1st DCA 1982), rev. denied, 436 So.2d 98 (Fla. 1983). Cf., Del Campo v. *1328 Department of Environmental Regulation, 452 So.2d 1004 (Fla. 1st DCA 1984). We therefore find no error in DER's refusal to consider the trespass issue.
Affirmed.
WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] The issue stated in Miller's exception was one which, according to the recommended order, Miller did not raise during the hearing but deferred to post-hearing written argument. The remand order indicates that section 403.918(5)(b), Florida Statutes, had been defined by DER to permit a "seawall with sloping riprap on the waterward face." 17-4.02, F.A.C.
[2] 120.57 Decisions which affect substantial interests. 

. . . . .
(1) FORMAL PROCEEDINGS. 
. . . . .
(b) ...
(9) The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action. When there is an appeal, the court in its discretion may award reasonable attorney's fees and costs to the prevailing party if the court finds that the appeal was frivolous, meritless, or an abuse of the appellate process or that the agency action which precipitated the appeal was a gross abuse of the agency's discretion. (emphasis supplied)
[3] The first recommended order states that appellant's contention as to the vertical seawall violation under the 1984 Wetlands Protection Act was presented by "post-hearing written argument" (emphasis supplied). Because the issue was presented and determined after the parties closed their evidentiary presentation, they apparently did so without notice that the issue would be disputed. Prejudice to appellant in this context does not appear to be demonstrable. Cf., Florida Department of Transportation v. J.W.C. Co., Inc., 396 So.2d 778, (Fla. 1st DCA 1981), at 789:

The petitioner must identify the areas of controversy and allege a factual basis for the contention that the facts relied upon by the applicant fall short of carrying the `reasonable assurances' burden cast upon the applicant. (emphasis supplied)
That opinion also considers at length, without resolving, the principles and provisions affecting agency orders remanding "where the hearing is not complete or in accordance with the rules of due process," and recognizes substantial authority against remand "for the purpose of introducing evidence that could ... have been offered at the original hearing," 396 So.2d 786. The applicant in the present case clearly could not even by due diligence have offered evidence on an issue which was not raised until post-hearing argument, and which urged a legal conclusion contrary to that underlying the agency notice of intent to issue the permit.
[4] Ibid., note 2.
[5] Section 120.59, Florida Statutes.
[6] "When the entity charged with finding facts ..., the hearing officer, has, for whatever reason, failed to perform this function, the appropriate remedy is ... to remand for the officer to do so." Cohn v. Department of Professional Regulation, 477 So.2d 1039, 1047 (Fla. 3d DCA 1985).
[7] See Florida Department of Transportation v. J.W.C. Co., Inc., note 3, supra.
[8] 403.918 Criteria for granting or denying permits. 

. . . ..
(2) ...
(a) In determining whether a project is not contrary to the public interest, or is clearly in the public interest, the department shall consider and balance the following criteria:
1. Whether the project will adversely affect the public health, safety, or welfare or the property of others;
... (emphasis supplied)