456 So.2d 1286 (1984)
HARRY's RESTAURANT & LOUNGE, INC., d/b/a Harry's Restaurant & Lounge, Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES & TOBACCO, Appellee.
No. AV-52.
District Court of Appeal of Florida, First District.
October 2, 1984.
Theodore L. Tripp, Jr. of Moorey, Seals, Garvin & Tripp, Fort Myers, for appellant.
*1287 Louisa E. Hargrett and Janice G. Scott, Dept. of Business Regulation, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant, the holder of a special beverage license issued pursuant to § 561.20(2)(a)3, is seeking review of a final order of the Division of Alcoholic Beverages and Tobacco which found it guilty of violating § 561.20 and § 561.15(3)(c), Florida Statutes, and Florida Administrative Code Rule 7A-3.15. We affirm in part and reverse in part.
On July 14, 1982, at approximately 10:30 p.m., two beverage agents entered appellant's place of business, Harry's Restaurant and Lounge. After being seated near the dance floor, the agents were approached by a waitress who asked them what they would like to drink. They ordered two beers and then asked if they could see a menu. The waitress told the agents that the only thing available was a hamburger platter, and that they did not specialize in food that late at night. The next night, the two agents returned at approximately 11:00 p.m. and sat on the opposite side of the room. A different waitress approached them and again they requested a menu. They were told that the kitchen was locked and that Harry had the key. About half an hour later the waitress returned with a menu and said that the key had been found, but the only things available on the menu were the hamburger and cheeseburger platters.[1] On both nights a band was playing, the establishment was crowded, and no food service was observed.
Several days after the agents' visit to Harry's, one of them returned during the day and met with the owner, Harry Popham, Jr., to review the business records and books. Those records showed that for each of the six months during which Harry's had been operating (it opened in January, 1982), its food sales percentage had been less than 51% of its total sales.
On August 9, 1982, the Division served Harry's with a notice to show cause why its license should not be disciplined for violation of the Beverage laws. The notice alleged that Harry's had violated § 561.20 and Florida Administrative Code Rule 7A3.15 on two occasions by failing to discontinue the sale of alcoholic beverages when the service of full course meals had been discontinued. § 561.20(2)(a)3; FACR 7A-3.15(1). A third charge alleged, after amendment, that the principal business of the licensed premises was not the serving of bona fide meals, and that the licensee did not meet the requirements of § 561.20, i.e., that Harry's was operating in violation of the beverage laws by failing to derive 51% of its gross revenues from the sale of food and nonalcoholic beverages. The charge also cited § 561.15(3)(c).[2]
A formal hearing was held on March 16, 1983, and the hearing officer entered a recommended order finding that appellant had violated § 561.20(2)(a)3 by continuing to serve alcoholic beverages after the hours of serving food had elapsed, and by failing to derive 51% of its gross revenues from the sale of food and nonalcoholic beverages for the period of January through June 1982, as charged in the Notice to Show Cause. The recommended order, which was entered on May 12, 1983, included a finding that from December 1982 through March 15, 1983, Harry's had derived at least 51% of its income from the sale of food and nonalcoholic beverages. The hearing officer also found that although Harry's had failed to derive 51% of its income from the sale of food and nonalcoholic beverages during the time charged in the Notice to Show Cause, the Division had failed to prove that Harry's principal *1288 business was not the serving of bona fide meals.
The Division's final order dated August 9, 1983, adopted the recommended order with two significant changes. First the Division found, under the section of the final order designated "Conclusions of Law," that Harry's failed to operate primarily as a restaurant during the charged period. Second, in imposing the penalty for the violations, the Division required appellant to produce records demonstrating that for the period June 1, 1982, through July 31, 1983, Harry's met the 51% requirement of § 561.20(2)(a)3 and that "[f]ailing such showing, said license ... shall be revoked unless Respondent voluntarily reduces the series of said license."
We agree with appellant's contention that the referenced portion of the penalty is improper. The charges against appellant related to alleged failure to comply with the 51% requirement during a specific period of time different from the period of June 1, 1982, through July 31, 1983. Whatever the reason for the hearing officer's gratuitous finding that appellant had met the requirement during part of that time period, the Division may not circumvent the procedural requirements of the Florida Administrative Procedure Act by conditioning its penalty on proof of compliance for a period of time different from that charged and heard herein.
We are also unable to affirm the conclusions that appellant failed to meet the 51% requirement and failed to operate primarily as a restaurant. Florida Administrative Code Rule 7A-3.15(2)(a) provides:
(b) The restaurant must derive at least 51% of its gross revenue from the sale of food and non-alcoholic beverages, except those restaurants issued special restaurant licenses prior to April 18, 1972 which shall be required to derive at least 30% of its gross revenue from the sale of food and non-alcoholic beverages. The 51% or 30% shall be determined by taking the average monthly gross revenue of the sale of food and non-alcoholic beverages over a period of any calendar year. [e.s.]
The emphasized language clearly shows that a violation may not be based on a licensee's income over a period of less than one year. The charge and the proofs in this case were limited to a six-month period and could not, accordingly, support a finding that appellant was not in compliance with the 51% requirement at the time alleged. Appellee's argument that § 561.15(3)(c)[3] is not affected by the one-year requirement is erroneous since, in this case, the Division could not show an inability to qualify for a new license without proving the failure to meet the 51% under the rule.
Although labeled a "Conclusion of Law" the Division's finding that appellant failed to operate primarily as a bona fide restaurant is, in reality, a finding of fact.[4] As such, it is an improper rejection of the hearing officer's finding of fact since the officer's finding is supported by the record. § 120.57(1)(b)9, Florida Statutes. Because the parties agree that appellant met all of the § 561.20 requirements for a special license except the 51% requirement, and because the Division failed to prove non-compliance with that requirement, the finding that appellant was in violation as alleged in Count III is reversed.
We affirm the finding of violation as to the two counts alleging failure to discontinue the sale of alcohol after discontinuing the sale of food (as defined by rule) because the agent's testimony could be (and was) construed by the hearing officer as showing that service of full course meals had in fact been discontinued at the *1289 time of the visits.[5] We do not, however, accept the Division's apparent contention that a hamburger may not constitute an entree for purposes of meeting the requirements of a "full course meal" as that term is defined in Rule 17a-3.15(a).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
ERVIN, C.J., and BOOTH, J., concur.
NOTES
[1] The menu was titled "Harry's Late Night" and listed several items other than the hamburger and cheeseburger plates.
[2] Verbatim, the amended third count alleged:

The principal business of the licensed premises is not the serving of full course, bona fide meals and the licensee does not meet the requirements of sec. 561.20, Fla. Stat., to hold a special restaurant license. Section 561.15(3)(c), Fla. Stat.
[3] The pertinent part of § 561.15(3)(c) provides:

Any license issued to a person, firm or corporation that would not qualify for the issuance of a new license or the transfer of an existing license may be revoked by the division.
[4] Agencies are not, of course, permitted to characterize a hearing officer's factual findings as legal conclusions in order to avoid the statutory restrictions on rejecting findings of fact. § 120.57(1)(b)9; Silver Sand Co. v. Department of Revenue, 365 So.2d 1090 (Fla. 1st DCA 1979).
[5] The order found that "on July 14 and 15, 1982, the Respondent was serving alcoholic beverages at a time when it had discontinued offering and serving full course meals." (e.s.)