SMITH, Judge.
The City of Jacksonville and Sheriff McMillan appeal a temporary injunction[1] enjoining the enforcement of a Jacksonville ordinance regulating the Sunday sale of alcoholic beverages. We affirm.
C.J. Ventures, Inc., doing business as the Dockside Restaurant, is a state-licensed owner and operator of a bar and restaurant engaged in the sale of food and alcoholic beverages. The City has enacted chapter 154, Jacksonville Municipal Code, regulating the hours for the sale, consumption and service of alcoholic beverages in all establishments licensed by the state. Part III of that ordinance, sections 154.301-154.306, governs the Sunday sale of alcoholic beverages in establishments selling food prepared, served and consumed on the premises.
Under section 154.302, persons operating bona fide restaurants under a restaurant license and licensed by the State Division of Alcoholic Beverages and Tobacco may serve alcoholic beverages on Sunday. A restaurant is defined as a business or establishment licensed by the State Division of Hotels and Restaurants which obtains the majority of its annual gross income from the sale of food prepared, served and consumed on the premises. Two criteria are given for determining whether a holder of a specified restaurant license is operating a bona fide restaurant: (1) with certain exceptions not pertinent to this case, the restaurant shall derive at least 51% of its gross revenue from the sale of food and nonalcoholic beverages; and (2) the principal business of the restaurant shall be to serve full-course bona fide meals to the general public. Full-course bona fide meals are not defined.
Section 154.303 provides that prior to engaging in any Sunday sale of alcoholic beverages, the owner or operator of an establishment licensed to sell alcoholic beverages and qualifying for the Sunday sale of alcoholic beverages shall file with the Sheriff a sworn affidavit in a form approved by the Sheriff, stating that the establishment is qualified to sell alcoholic beverages on Sunday. Upon written request of the Sheriff, such persons shall furnish documentation of that establishment’s eligibility to sell alcoholic beverages. Upon receipt of such affidavit, and provided the Sheriff determines that the establishment is entitled to sell alcoholic beverages for on-premises consumption on Sunday, the Sheriff shall furnish the owner or operator with a certificate indicating compliance. The owner or operator must prominently display this certificate at all times. In the event the Sheriff determines that an establishment that has filed an affidavit is not entitled to sell alcoholic beverages on Sunday, he is to provide written notice of that determination to the owner or operator, and the owner or operator must immediately notify employees of the Sheriffs determination.
Sections 154.301 and 154.304 govern the hours of operation of licensed establishments Monday through Saturday, and the hours of sale of alcoholic beverages on *135 New Year’s Eve. Section 154.305 prohibits certain Sunday sales for consumption off the premises. Section 154.306 provides the penalty for violating any provision of chapter 154.
When this ordinance was passed, C.J. Ventures filed the required affidavit with the Sheriff and received a certificate of compliance. C.J. Ventures engaged in the Sunday sale of alcoholic beverages for approximately three years under the ordinance. However, early in 1989, the president of C.J. Ventures received a letter from the Sheriff notifying him that the Dockside Restaurant and Pub “may not qualify to sell alcoholic beverages on Sunday, because it does not meet the requirement that 51% of your annual gross income be derived from sale of food prepared, served, and consumed on the premises.” Correspondence followed and the Dockside was visited three times by vice officers from the Sheriffs office. Based upon information the officers gathered, the Sheriff decided to withdraw C.J. Ventures’ certificate. The Sheriff’s office issued a cease and desist letter which was delivered to the Dockside. The Sheriff required the return of the Dockside’s Sunday sales certificate until the Dockside could verify that 51% of its business was from the sale of food. Dockside employees were notified of the Sheriff’s determination and advised of their susceptibility to arrest and incarceration should they be involved in the sale of alcoholic beverages on Sunday. Thereafter, C.J. Ventures filed a complaint for temporary and permanent injunctive relief.
After an evidentiary hearing, the trial court entered a temporary injunction, and following a further hearing entered an “Order on Injunction” finding, among other things, that the ordinance in question violates the due process provisions of the Fifth Amendment of the Constitution of the United States, and enjoining the City and the Sheriff from enforcement of sections 154.302 through 154.306 of the ordinance, with respect to C.J. Ventures. We find no abuse of discretion by the trial court in the entry of the order appealed.
While section 154.303 allows the Sheriff to determine that an establishment is no longer entitled to sell alcoholic beverages on Sunday, it provides for no standards or criteria upon which the Sheriff is to make that determination. One of the officers involved in the enforcement of this ordinance testified that there were no written directives for him and his fellow officers to follow with regard to specific criteria to be used in determining compliance under the ordinance. However, after several conversations among personnel in the Sheriff’s office, it was determined that a full course meal should be one which includes a salad, entree, dessert and bread and butter. The officer concluded that the Dockside Restaurant was not in compliance because it was basically a sandwich shop or fast-food establishment where no “per se meals” were being served. Interestingly, this particular detective opined that he had the authority to give the owners the “benefit of the doubt” concerning the ordinance requirements. It was established that the Dockside Restaurant was operating in the same manner as it had for the past several years.
Recognizing that “good intentions and well-meaning efforts of dedicated public servants” are not a substitute for due process of law, the trial court in its order for a temporary injunction found that section 154.303 of the Jacksonville Municipal Code violates the Fifth Amendment of the United States Constitution by (1) failing to provide the Sheriff and his designated employees with any criteria or standards by which to determine present and ongoing compliance; and (2) by failing to provide a method of notice to the property owner sufficient to apprise it of the specific basis of noncompliance and an opportunity for that property owner to be heard before an impartial decision maker before the deprivation of property occurs.
Wide discretion rests with the trial court in granting a temporary injunction and this court will not interfere with the exercise of such judicial discretion unless abuse is clearly shown or unless the trial court’s ruling is clearly against the weight of the evidence. A presumption of correctness attaches to the trial court’s ruling. 29 Fla. Jur.2d, Injunctions, § 88 (1981). While *136 generally courts will not interfere by injunction with the exercise of the discretionary powers conferred on municipalities, on proper showing, a municipality may be restrained from the arbitrary exercise of its lawful powers. Id. at § 55.
The City’s contentions that the trial court’s injunction is without adequate basis in fact or law because C.J. Ventures did not demonstrate the likelihood of irreparable harm, the unavailability of an adequate remedy at law, the likelihood of success on the merits, and considerations of public interests are without merit. Mayhue v. City of Plantation, 375 F.2d 447 (5th Cir.1967); Housing Authority of City of Tampa v. Robinson, 464 So.2d 158 (Fla. 2d DCA 1985); Harry’s Restaurant & Lounge v. Department of Business Regulation, Division of Alcoholic Beverages & Tobacco, 456 So.2d 1286 (Fla. 1st DCA 1984); Effie, Inc. v. City of Ocala, 438 So.2d 506, 508 (Fla. 5th DCA 1983); and ABC Liquors, Inc. v. City of Ocala, 366 So.2d 146 (Fla. 1st DCA 1979); and Board of Commissioners of State Institutions v. Tallahassee Bank and Trust Co., 100 So.2d 67 (Fla. 1st DCA 1958).
AFFIRMED.
ZEHMER and MINER, JJ., concur.

. Initially, there was some question whether the order on appeal was a final injunction or merely a temporary injunction. We have construed it as a temporary injunction, since it was entered only eight days after the complaint for injunctive relief was filed and before appellants had an opportunity to answer the complaint. Defendants in a suit for injunction are entitled to file an answer. 29 Fla.Jur.2d, Injunctions, § 75 (1981).