588 So.2d 281 (1991)
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Appellant,
v.
Chrystle LITTLE, Appellee.
No. 90-01856.
District Court of Appeal of Florida, First District.
October 25, 1991.
Edward A. Dion, Asst. Gen. Counsel, Dept. of Labor and Employment Sec., Tallahassee, for appellant.
William D. Hall, Jr. of Barrett, Bajoczky, Hoffman, and Harper, Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final order of the Department of Administration (DOA). Appellant herein, the Department of Labor and Employment Security (DLES), argues that DOA erred in (1) rejecting certain of the hearing officer's findings of fact, and (2) finding DLES estopped to declare that appellee Chrystle Little abandoned her career service position.
Appellee commenced her employment with DLES in 1981. On December 31, 1988, she went on annual and sick leave, and thereafter extended her leave several times, permitting her to remain absent through May 1, 1989. Appellee did not return to work May 1, and on May 17, 1989, DLES sent appellee a letter informing her that she had abandoned her position.
Pursuant to appellee's request, a hearing was held under Section 120.57, Florida Statutes, and resulted in the entry of a recommended order, in pertinent part as follows:

*282 The petitioner was clearly informed ... that her leave without pay was unauthorized. She had never received any authorization nor requested any authorization for any kind of leave after May 1, 1989... . She must be charged with knowledge that she had not requested maternity leave without pay and had not received any authorization from the agency for continued leave. In fact Ms. Downing [appellee's supervisor] had clearly informed her that approval of any continued leave status would be contingent upon receipt of the medical records and cooperation ... in undergoing a physical examination in order to reveal whether additional leave time was medically justified. The petitioner refused to cooperate, by her failure to further communicate with Ms. Downing or other supervisors, and her failure to keep the medical appointment. Indeed she may not have known of the medical appointment date or time because she left the interview precipitously, out of the presence of Ms. Downing, and never attempted to communicate with Ms. Downing or other department personnel thereafter to learn of the situation regarding her proposed medical examination.
Appellee sought administrative review of the recommended order before DOA. DOA rejected the proposed order and entered an order requiring DLES to reinstate appellee without delay. DOA specifically rejected, as legal conclusions, the findings that appellee's leave was unauthorized after May 1, 1989, and that appellee must be charged with knowledge that her leave after that date was unauthorized. DOA also found that DLES was estopped to assert that appellee had abandoned her career service position. The final order clearly stated that DOA did not review the complete record.
We turn, then, to the first issue. Section 120.57(1)(b)10, Florida Statutes, provides in pertinent part:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law.
An agency cannot circumvent the requirements of the statute by characterizing findings of fact as legal conclusions. Silver Sand Company of Leesburg, Inc. v. Department of Revenue, 365 So.2d 1090, 1093 (Fla. 1st DCA 1979). The question of whether appellee's leave was "unauthorized" after May 1, 1989, may involve a legal question, but it also involves a finding as to whether DLES, in fact, had authorized such leave prior to that date. Fla. Admin. Code Rule 22A-8.002(5). The hearing officer found that DLES had not authorized such leave. DOA erred in accepting this finding while rejecting the conclusion which must follow from it.
DOA also erred in rejecting, as a legal conclusion, the hearing officer's finding that appellee "must be charged with knowledge" that she had neither requested nor received authorization for maternity leave after May 1, 1989. The court in First Federal Savings and Loan Association of Miami v. Fisher, 60 So.2d 496, 499 (Fla. 1952), explained:
[N]otice is of two kinds: actual and constructive. Constructive notice has been defined as notice imputed to a person not having actual notice, for example: such as would be imputed under the recording statutes to persons dealing with property subject to those statutes. Actual notice is also said to be of two kinds: first, express, which includes what might be called direct information and, second, implied, which is said to include notice inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use, or as it is sometimes called, implied actual knowledge. Constructive notice is a legal inference, while implied notice is an inference of fact. ... [emphasis added]
That appellee did or did not have notice that her leave following May 1, 1989 was *283 unauthorized is an inference of fact. Absent a finding that the evidence adduced at the hearing did not permit such an inference, DOA erred in rejecting this finding. Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985). We therefore reverse as to the first issue.
DLES next argues that DOA erred in concluding as a matter of law that DLES was estopped from asserting that appellee's leave after May 1, 1989 was unauthorized. The decision as to whether estoppel should be applied requires the application of legal principles to findings of fact. Tri-State Systems, Inc. v. Department of Transportation, 500 So.2d 212, 216 (Fla. 1st DCA 1986). Specifically, for DOA to have been able to conclude as a matter of law that estoppel should apply, the hearing officer would have had to have found: (1) that DLES had represented to appellee that her leave was authorized; (2) that appellee relied upon the representation of DLES in remaining absent; and (3) that appellee would not have remained absent but for the representation. See State Department of Revenue v. Anderson, 403 So.2d 397, 400 (Fla. 1981); Tri-State Systems, Inc., supra at 215-216. The hearing officer rejected these factual contentions and instead made a finding of fact that appellee had been clearly informed that her leave after May 1, 1989 was unauthorized. The hearing officer's findings of fact do not support the application of estoppel, and in the absence of a review of the complete record, DOA erred in applying estoppel.
The final order of DOA is therefore reversed, and this cause is remanded for proceedings consistent herewith in accordance with Section 120.57(1)(b)10, Florida Statutes.
WOLF, J., concurs.
ZEHMER, J., specially concurs with written opinion.
ZEHMER, Judge (specially concurring).
I agree to reverse the final order entered by the Secretary of the Department of Administration only because it appears from the face of the order that Secretary Shutes had not been presented with a transcript of the proceedings before the hearing officer. Review of the entire record is a statutory prerequisite to modifying any findings of fact in the recommended order. § 120.57(1)(b)10, Fla. Stat. (1989). Because the majority opinion has characterized several of the Secretary's conclusions of law as a modification of findings of fact made by the hearing officer (a conclusion with which I do not entirely agree in all respects), it is now imperative that the Secretary be given an opportunity to review the entire transcript of the hearing to determine whether all the findings of fact in the recommended order are supported by competent, substantial evidence. The pertinent recitations in the Secretary's final order rule that certain facts were established as a matter of law, although these facts are inconsistent with findings in the recommended order. It may well be that these facts, although found by the hearing officer and relied on by this court, are not supported by competent, substantial evidence. That determination can be made by the Secretary only after review of the complete record, including a transcript of the hearing.
In view of this disposition of the case on procedural grounds, it is premature for this court to express any opinion on the sufficiency of the record to support the hearing officer's findings of fact or the sufficiency of the record regarding the estoppel issue.