653 So.2d 479 (1995)
Joel M. BERGER, D.D.S., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF DENTISTRY, Appellee.
No. 93-2422.
District Court of Appeal of Florida, Third District.
April 12, 1995.
Solms & Price and Max R. Price, Miami, for appellant.
Kathryn L. Kasprzak, Tallahassee, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
Joel Berger appeals from an order of the Department of Professional Regulation finding him guilty of the unauthorized practice of dentistry and ordering him to cease and desist using the initials "D.D.S." after his name on any documents. For the following reasons, we reverse.
*480 Joel Berger holds Juris Doctor and D.D.S. academic degrees, but is not licensed to practice either law or dentistry in any state.[1] Berger uses the initials "J.D." and "D.D.S." on the letterhead of his consulting business, "Dental-Legal Advisors, Inc.," through which he advises dentists and attorneys on the ethics, science, and law involved in dentistry. In Berger's words, "I speak law and I speak tooth. I can explain the law to dentists in words they understand; I can explain dentistry to lawyers in words they understand."
Following Berger's testimony as an expert witness in an administrative proceeding against a licensed dentist, the agency filed an administrative proceeding against Berger, charging him with the unauthorized practice of dentistry. The basis of the agency's complaint was Berger's use of the designation "D.D.S." following his name, which, the agency alleged, violated section 466.026(2)(a), Florida Statutes (1991).[2] Berger requested a formal hearing on the complaint pursuant to Chapter 120, Florida Statutes (1991). The hearing officer recommended that Berger be found not guilty of the charges. In part, the Recommended Order provided that "the foregoing initials are not those customarily found on the letterhead of a dental practice. Under the circumstances, the initials represent [Berger's] educational qualifications and qualifications as a consultant rather than his ability to diagnose, treat, prescribe, or operate for any disease, pain, deformity, deficiency, injury or physical condition of the teeth, jaws, or oral-maxillofacial region."
The hearing officer concluded as a matter of law that section 466.026(2)(a) does not impose a total ban on the use of the letters "D.D.S.," which indicate that a person has received an academic degree in dentistry. Instead, the legislature banned the use of that designation only when it would represent that the individual was licensed to practice dentistry. The hearing officer found that the agency had not shown by clear and convincing evidence that Berger's use of the D.D.S. designation represented to the public that he was able to practice dentistry in Florida.
In its final order, the agency rejected, as an incorrect finding of law, the hearing officer's finding of fact that Berger's use of the designation D.D.S. on his letterhead did not represent that he was able to practice dentistry, as the letterhead for "Dental-Legal Advisors, Inc.," which included the names of board members and their academic and professional qualifications, clearly was not that of a dental practice. "An agency cannot circumvent the requirements of the statute [section 120.57(1)(b)10, Florida Statutes] by characterizing findings of fact as legal conclusions." Department of Labor & Employment Sec. v. Little, 588 So.2d 281, 282 (Fla. 1st DCA 1991); Harry's Restaurant & Lounge, Inc. v. Department of Business Reg., 456 So.2d 1286 (Fla. 1st DCA 1984). A finding which involves both a factual and a legal conclusion cannot be rejected where there is substantial competent evidence to support the factual conclusion, and where the legal conclusion necessarily follows. Little; § 120.57(1)(b)10, Fla. Stat. (1991). In this case, the agency impermissibly rejected the hearing officer's factual finding, which was supported by substantial competent evidence, and the legal conclusion that followed.
In sum, we reverse the agency's Final Order and remand with directions to enter an order consistent with the Recommended Order of the Hearing Officer.
NOTES
[1] Berger's license to practice dentistry in the State of New York was revoked after twenty-seven years of dental practice.
[2] Section 466.026(2)(a) prohibits the use of "the letters `D.D.S.' or any other words, letters, title, or descriptive matter which in any way represents a person as being able to diagnose, treat, prescribe, or operate for any disease, pain, deformity, deficiency, injury, or physical condition of the teeth or jaws or oral-maxillofacial region unless the person has an active dentist's license issued by the department pursuant to this chapter." (emphasis added). On appeal, the agency abandons its earlier position that Berger's testimony as an expert witness constituted the unauthorized practice of dentistry, and contends only that Berger's use of the "D.D.S." designation is prohibited.