COBB, Judge.
On March 30,1979, Bruner applied to the Florida Real Estate Commission (FREC) for a broker’s license. Her application showed that she had pled guilty to grand theft, that adjudication had been withheld, and that she had been placed on five years probation.
On June 27,1979, FREC entered an order in which it stated that it had investigated the incident referred to on Bruner’s application and had found that it was in reference to an arrest that had occurred in Orange County on March 24, 1978. FREC went on to find that by Bruner’s own omissions she was guilty of a crime of this state involving moral turpitude, or fraudulent or dishonest dealings, and she therefore had failed to show that she was honest and of good character with a good reputation for fair dealing. FREC denied Bruner’s application.
At the time of Bruner’s application and FREC’s initial decision regarding that application, section 475.17, Florida Statutes (1979) provided that an applicant would be deemed not to be qualified if he had been guilty of conduct that would have been grounds for revoking or suspending a license, and section 475.25(l)(e), Florida Statutes (1979) provided that an individual can have his license revoked or suspended if he had “been guilty” of a crime involving moral turpitude or fraudulent or dishonest dealings. On July 1, 1979, section 475.-25(l)(e), Florida Statutes was renumbered as section 475.25(l)(f), Florida Statutes and the words “been found guilty regardless of whether adjudication was withheld” replaced the words “been guilty.”
On July 16, 1979, Bruner requested a formal hearing on her application. The hearing was held and the hearing officer filed his recommended order in which he recommended that Bruner’s application be denied. Bruner filed her own recommended order and exceptions to the hearing officer’s recommended order.
On July 9, 1980, the Department of Professional Regulation (Department) rejected Bruner’s exceptions and adopted the hearing officer’s recommended order. Appellant has raised three points on appeal. In her first and second points, Bruner questioned the procedure by the Department of Professional Regulation in dealing with Bruner’s proposed findings of fact and exceptions to the hearing officer’s recommended order. We do not find any reversible error. § 120.68(8), Fla.Stat. (1979); Parekh v. Career Service Commission, 346 So.2d 145 (Fla. 1st DCA 1977).
In her third point on appeal, Bruner contended that there was insufficient evidence to support the Department’s denial of her application. To support that contention, Bruner argues that the Department should have applied the licensing statute in effect at the time of Bruner’s application which would have required a finding that Bruner had “been guilty” of a crime in order to deny Bruner’s application, and since adjudication had been withheld on Bruner’s grand theft charge, she had not been guilty of the crime.
Bruner’s argument on this point fails in two respects. First, the Department should have applied the licensing statute in effect at the time that it made its decision. City Council of City of North Miami Beach v. Trebor Construction Corporation, 296 So.2d 490 (Fla.1974); Holladay v. City of Coral Gables, 382 So.2d 92 (Fla.3d DCA 1980); 51 Am.Jur.2d Licenses and Permits § 46 (1970); Annot., 169 A.L.R. 584 (1947). Second, Bruner had pled guilty so that even under the old statute she could have been deemed to have “been guilty.”
*6 Since we find Bruner’s arguments to be without merit, we affirm the order of the Department of Professional Regulation which denied Bruner’s application for a broker’s license.
AFFIRMED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.