443 So.2d 266 (1983)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Margaret PETTY-EIFERT and Janice Heller, Appellees.
No. AT-113.
District Court of Appeal of Florida, First District.
December 20, 1983.
*267 Claire D. Dryfuss, Asst. Gen. Counsel, Tallahassee, for appellant.
Thomas G. Sherman of Demeo & Sherman, P.A., Coral Gables, for appellee.
MILLS, Judge.
In this administrative appeal, we are asked to determine whether Rules 10D-36.22(1)(a) and 10D-36.22(1)(d), Florida Administrative Code, are an invalid exercise of delegated legislative authority. We affirm the order of the hearing officer holding the rules invalid.
In June of 1982, Petty-Eifert and Heller applied to the Department of Health and Rehabilitative Services (HRS) for a license to practice midwifery pursuant to Chapter 485, Florida Statutes (1981). However, on 1 July 1982, Chapter 82-99, Laws of Florida [Chapter 467, Florida Statutes (Supp. 1982)], became effective. This act radically altered the requirements for obtaining a license to practice midwifery. For purposes of this appeal, Petty-Eifert and Heller have conceded that they do not meet these new qualifications.
Applying the provisions of Chapter 485, Florida Statutes (1981), HRS denied the applications in September of 1982.
Petty-Eifert's application was denied on the basis of Rule 10D-36.22(1)(d) in that she failed to receive a favorable recommendation from the county medical director and did not satisfactorily "complete" several birth certificate forms. It was further denied on the basis of Rule 10D-36.22(1)(a) in that two of the births were not delivered in the hospital and that she therefore had not attended 15 cases of labor during the lying-in period as required by the statute and rule.
Heller's application was denied because she had not attended 15 cases of labor within one year as required by Rule 10D-36.22(1)(d) and because she had incompetently administered oxygen to a patient in violation of Rule 10D-36.27.
Following the denial of their applications, Petty-Eifert and Heller filed petitions with the Division of Administrative Hearings seeking to have the above rules declared an invalid exercise of delegated legislative authority. Section 120.56, Florida Statutes (1981). The hearing officer agreed that the rules were invalid.
On appeal, HRS first contends that Chapter 467, Florida Statutes (Supp. 1982), should have been applied to these applications rather than Chapter 485, Florida Statutes (1981), and the rules promulgated thereunder. We agree with the hearing officer that, under the facts and circumstances of this case, these applicants were *268 entitled to have the law applied as it existed at the time they filed their applications. Goldstein v. Sweeny, 42 So.2d 367 (Fla. 1949); Attwood v. State, 53 So.2d 101 (Fla. 1951); but see Bruner v. Board of Real Estate, 399 So.2d 4 (Fla. 5th DCA 1981).
Further, we agree with the hearing officer that the challenged rules are an invalid exercise of delegated legislative authority. In State, Department of Health and Rehabilitative Services v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980), this Court held that Rule 10D-36.22(1)(a)2, requiring a midwife's license applicant to disclose the names of patients whom she attended while the patients were in labor, was an invalid exercise of delegated legislative authority. Similarly, Rule 10D-36.22(1)(a) is invalid for requiring the applicant to have attended 15 cases of labor within one year. There is no such one-year requirement in Section 485.031(4)(b), Florida Statutes (1981). This portion of the rule is further defective because it fails to provide when the one-year period must have occurred. Presumably, it may have occurred then, twenty, or even thirty years before the date of application. Furthermore, even the rule does not require that these cases of labor be attended while the patient is in a hospital. Therefore, HRS wrongly refused to recognize two of Petty-Eifert's cases of childbirth.
Rule 10D-36.22(1)(d) is invalid for requiring the applicant to secure a favorable recommendation from the county medical director. There is no such requirement in Section 485.031(2), Florida Statutes (1981). Likewise, there is no statutory basis for the rule's requirement that an applicant be able to accurately "complete" standard birth certificate forms. Section 485.031(2) requires only that the applicant be able to fill out the birth certificates legibly.
Finally, HRS has not contested the hearing officer's finding that Rule 10D-36.27 is an invalid exercise of delegated legislative authority. By failing to argue this issue on appeal, HRS has waived the right to contest the validity of this rule.
The order appealed is affirmed.
THOMPSON and WIGGINTON, JJ., concur.