WENTWORTH, Judge.
Appellant seeks review of an order of the Board of Medical Examiners by which his application for licensure by endorsement as a medical doctor was denied. Appellant raises several issues on appeal: 1) whether the judiciary may infer that the legislature intended an amended statute to have a meaning different from that accorded to *1342 the statute prior to amendment; 2) whether the Board’s interpretation of section 458.-313(l)(d), Florida Statutes (1983), was reasonable; 3) whether any properly promulgated rule exists by which the Board could properly deny appellant’s license; and 4) whether the Board’s interpretation of section 458.313(l)(d), Florida Statutes (1983), improperly enlarged, modified or contravened the statute. Although we find no merit to appellant’s first and third issues in the context of this appeal, the statutory proviso for license application (within ten years after the examination “shall have been so certified” as having been completed) does not in our opinion permit the Board’s application of a cut-off date ten years after the date an examination was scheduled or commenced, absent evidence of any “certification” within the stated period. Because the Board’s construction of section 458.313(l)(d), Florida Statutes, contravened the literal terms of the statute prior to the amendment cited infra, we reverse.
Appellant took the examination of the Federation of State Medical Boards of the United States, Inc. (FLEX) in December, 1973. Appellant’s passing score was, according to the only evidence in the record here, certified by the New York State Board of Regents on March 1, 1974. On February 14, 1984, appellant applied to the Florida Board of Medical Examiners for licensure by endorsement pursuant to section 458.313(l)(d), Florida Statutes (1983). The Board denied the application, finding that appellant had “not been certified by licensure examination of the Federation of State Medical Boards of the United States, Inc., within ten years preceding the filing of an application for licensure” as required under section 458.313(l)(d). Appellant petitioned for a formal hearing. The hearing officer found that under section 458.-313(l)(d) an applicant’s FLEX score must have been certified within ten years prior to the date of the application. Finding that appellant’s FLEX examination was certified by New York State on March 1, 1974, and that appellant’s application to the Florida Board of Medical Examiners was dated February 14, 1984, the hearing officer found that the application was timely. In its final order, the Board adopted the hearing officer’s findings of fact, but concluded that section 458.313(l)(d) requires that an applicant must have taken the FLEX examination within ten years of the date of application for licensure. Reasoning that the date of examination is the operative date by which currency of medical knowledge can be evaluated, whereas “the grading of the examination and certifying of the grade are only relatively ministerial acts,” the Board denied appellant’s application.
Section 458.313, Florida Statutes (1983), the statute in effect at the time appellant filed his application, provides that:
1. The Department shall issue a license by endorsement to any applicant who ... (d) has been certified by licensure examination of the Federation of State Medical Boards of the United States, Inc. (FLEX) or is certified by the National Board of Medical Examiners as having completed its examination; provided that said examination required shall have been so certified within the ten years immediately preceding the filing of his application for licensure under this section.[1] (emphasis supplied)
The Board concluded that because the purpose of section 458.313(l)(d) is to assure that the medical knowledge measured by the FLEX examination is no more than ten years old, the date on which the ten years begins to run is the date on which the candidate “sat” for the examination. The Board failed to show, however, that the usé of the date of certification of the FLEX *1343 exam grade here in question would not also substantially assure currency of medical knowledge, and in fact presented no evidence in support of its contention that to accord effect to the statutory term “certification” would result in fatal ambiguity of the proviso. Although an agency’s construction of a statute which it administers is entitled to great weight and is not to be overturned unless clearly erroneous, the Board’s construction of section 458.-313(l)(d), Florida Statutes (1983), was not a reasonable application of the statutory terms on which applicants were entitled to rely.
The order is reversed.
WIGGINTON and NIMMONS, JJ., concur.

. Section 458.313(l)(d) was amended in 1984. 1984 Laws of Florida 553. The amended statute provides that the department shall issue a license by endorsement to any applicant who:
(d)l. Has obtained a passing score, as established by rule of the board, on the licensure examination of the Federation of State Medical Boards of the United States, Inc. (FLEX) or on the examination of the National Board of Medical Examiners; provided that said examination required shall have been so taken within the 10 years immediately preceding the filing of his application for licensure under this section ... (emphasis supplied)