592 So.2d 1107 (1991)
COLLIER DEVELOPMENT CORPORATION, Petitioner,
v.
STATE of FLORIDA DEPARTMENT OF ENVIRONMENTAL REGULATION, and Veronica Donnelly, Hearing Officer of the Department of Administration, Division of Administrative Hearings, Respondents.
STATE of Florida DEPARTMENT OF ENVIRONMENTAL REGULATION, Petitioner,
v.
DEPARTMENT OF ADMINISTRATION, DIVISION OF ADMINISTRATIVE HEARINGS, Respondent.
Nos. 91-01573, 91-01790.
District Court of Appeal of Florida, Second District.
October 18, 1991.
Rehearing Denied February 12, 1992.
John Beranek and John Radey of Aurell, Radey, Hinkle & Thomas, Tallahassee, for Collier Development Corp.
Patricia E. Comer and Cecile I. Ross, Tallahassee, for State of Fla. Dept. of Environmental Regulation.
Robert A. Butterworth, Atty. Gen., Jonathan A. Glogau and Mary E. Greene, Asst. Attys. Gen., Tallahassee, for Veronica Donnelly.
Kenneth G. Oertel and Thomas G. Tomasello of Oertel, Hoffman, Fernandez & Cole, P.A., Tallahassee, for Intervenors *1108 City of Naples and the Citizens To Preserve Naples Bay, Inc.
Joseph Z. Fleming of Joseph Z. Fleming, P.A., Miami, for intervenors The Conservancy, Inc. and Florida Audubon Society.
PER CURIAM.
This consolidated proceeding involves the attempts of an applicant to obtain a dredge and fill permit from the two administrative bodies responsible for making the decision.
In this proceeding, the applicant, Collier Development Corporation (CDC), filed a petition for writ of mandamus against the Department of Environmental Regulation (DER), and alternatively, against the hearing officer of the Division of Administrative Hearings (DOAH). DER filed a petition for review of nonfinal agency action against DOAH. We grant the petition for writ of mandamus against DOAH and therefore need not decide the petition for review of nonfinal agency action.
In late 1988, DER issued a notice of intent to issue a dredge and fill permit to build a development of regional impact on 2,000 acres of CDC's land within Naples and the surrounding area. The project, known as Villages of Sabal Bay, will include residences, golf courses, hotels, and a marina. Shortly after the notice of intent issued, various groups petitioned for a hearing pursuant to section 120.57, Florida Statutes. The City of Naples and the Citizens to Preserve Naples Bay intervened in the administrative proceeding, aligning themselves with the various groups. The administrative hearing was one of the longest in DOAH's history, lasting intermittently for over six months and a total of forty days.
Almost two years after the notice of intent was issued, the hearing officer entered an order recommending the denial of the permit. Her recommendation was largely premised on two rulings: the lack of due process afforded to the opponents to the permit, and the lack of her authority to make any findings as to mitigation.
The hearing officer found that the marina flushing study presented by CDC during its case in chief failed to show that the marina could be adequately flushed to maintain the required water quality. Although CDC conducted a second flushing study while the proceeding was pending and presented the second study during its rebuttal case, the hearing officer excluded consideration of all evidence pertaining to the second study. She did not consider the evidence notwithstanding the fact that she extended the hearing for three weeks to permit all opposing parties to cross-examine and present witnesses to rebut the new study. Characterizing the study as an improper attempt to make substantial amendments to CDC's application, the hearing officer found that any consideration of the second study would be violative of the opposing parties' due process rights. As to mitigation, she refrained from making any findings pursuant to section 403.918, Florida Statutes, on the basis that any findings would constitute a legal determination, which is within the sole province of DER.
Forty-five days after entry of the recommended order, DER entered an order of remand, which was served by mail on the hearing officer that same day. For whatever reason, the order of remand was not filed with DOAH until some thirty-five days later. The order of remand directed the hearing officer to make necessary findings of fact with respect to the second flushing study and mitigation. Finally, in May 1991, the hearing officer entered an order declining remand. She reiterated her reasons for not considering the second flushing study and not making any findings regarding mitigation. These proceedings ensued.
CDC claims it has a right to the issuance of a default permit pursuant to section 120.60(2), Florida Statutes (1989). CDC bases this right on DER's failure to either "approve or deny" the application within forty-five days of the recommended order. CDC argues that DER does not have the authority to remand, and even if it did, the remand should have occurred and have been ruled on by the hearing officer within forty-five days. As an alternative basis for the issuance of mandamus, CDC challenges the hearing officer's authority to decline *1109 remand. Although we deny the petition for writ of mandamus to issue a default permit, we issue mandamus to compel the hearing officer to make the findings as directed by DER in its order of remand.
The action of the hearing officer in refusing to proceed as directed by DER is similar, although not identical, to that reviewed in Manasota-88, Inc. v. Tremor, 545 So.2d 439 (Fla. 2d DCA 1989). In Manasota-88, Inc. v. Tremor, this court issued mandamus based on the hearing officer's refusal to conduct a full evidentiary hearing before issuing its recommended order on an application to mine. The hearing officer in this case has refused to consider evidence already presented at final hearing and has also refused to make findings of fact and conclusions of law regarding the additional evidence on the second study and mitigation. Whether mandamus is the appropriate remedy depends on whether such acts of the hearing officer are considered to be nondiscretionary.
The hearing officer's failure to consider the second study and its effect on the water quality, in addition to mitigation, effectively precluded DER from rendering a decision to either approve or deny the application. See Miller v. Department of Environmental Regulation, 504 So.2d 1325, 1327 (Fla. 1st DCA 1987); Cohn v. Department of Professional Regulation, 477 So.2d 1039, 1947 (Fla. 3d DCA 1985) (when hearing officer charged with finding facts upon the evidence presented fails to do so, remand is appropriate). There were no findings of fact or conclusions of law with respect to the second study or mitigation susceptible of rejection by DER. Once DER determined the hearing officer reached an incorrect legal conclusion that the second study represented an impermissible amendment to the application,[1] the hearing officer should have made findings of fact and conclusions of law. See § 120.57(1)(b)9, Fla. Stat. (1989). The evidence had already been presented to the hearing officer, and the opposing parties had sufficient notice and opportunity to rebut the evidence of the second study. Cf. Manasota-88, Inc. v. Agrico Chemical Co., 576 So.2d 781 (Fla. 2d DCA 1991) (three additional weeks to present rebuttal evidence to applicant's modified mitigation plan submitted at final hearing did not deny due process to intervenor). All that remained was to make findings of fact and conclusions of law in accordance with section 120.57(1)(b)9, Florida Statutes (1989).
The hearing officer relied on 1800 Atlantic Developers v. Department of Environmental Regulation, 552 So.2d 946 (Fla. 1st DCA 1989), petition for rev. denied, 562 So.2d 345 (Fla. 1990) in refusing to make any findings regarding mitigation. As stated by DER in its order of remand, 1800 Atlantic aims at requiring DER to make the final agency decision on the findings of fact made by the hearing officer. The hearing officer has the duty to resolve any factual disputes on mitigation.
Under these circumstances, remand to the hearing officer was appropriate. Within forty-five days of the recommended order, DER, nonplussed by the lack of findings and inconsistencies in the recommended order, entered an order directing the fulfillment of the hearing officer's statutory duties. Thus, CDC did not have a clear right to a default permit under section 120.60(2).
Accordingly, we grant the petition for writ of mandamus as to the hearing officer and remand for compliance with the order of remand. We deny the petition for writ of mandamus as to the default permit.
SCHOONOVER, C.J., and CAMPBELL and HALL, JJ., concur.
NOTES
[1] In these proceedings, we do not need to decide the propriety of this determination.