616 So.2d 53 (1993)
Henry LAVERNIA, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 91-3447.
District Court of Appeal of Florida, First District.
March 11, 1993.
Rehearing Denied April 30, 1993.
Paul Watson Lambert, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Allen R. Grossman, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Lavernia appeals a final order of the Board of Medicine denying his application for licensure by endorsement. We affirm.
On September 20, 1989, Lavernia filed an application for licensure by endorsement as a physician in Florida, reciting that he had held a temporary license in Illinois for a two-year period between 1983 and 1985. By order entered June 15, 1990, the Board evinced its intention to deny Lavernia's application based upon perceived inadequacies in his medical education allegedly making him unable to practice medicine with reasonable skill and safety. The Board noted that he had taken the FLEX (examination of the Federation of State Medical Boards of the United States) eight times before he obtained a passing score, and charged that he had worked as a hospital house physician without having been registered in violation of section 458.345, Florida Statutes (1989). With regard to the latter reason, the Board felt this constituted the unauthorized practice of medicine. Lavernia requested an administrative hearing.
In the meantime, effective October 1, 1989, section 458.313 governing licensure by endorsement was amended to require evidence of the active licensed practice of medicine in another jurisdiction for at least two of the immediately preceding four years, or completion of Board-approved postgraduate training within the year preceding the filing of an application for licensure. Lavernia contended below and contends on appeal that this statutory amendment, which became effective subsequent to the filing of his application for licensure, could not be applied to him and his application. The hearing officer disagreed and so do we.
Florida follows the general rule that a change in a licensure statute that occurs during the pendency of an application for licensure is operative as to the application, so that the law as changed, rather than as it existed at the time the *54 application was filed, determines whether the license should be granted. See e.g., Bruner v. Board of Real Estate, Department of Professional Regulation, 399 So.2d 4 (Fla. 5th DCA 1981); see also 51 Am.Jur.2d Licenses and Permits § 46 (1970) and Ziffrin, Inc. v. United States, 318 U.S. 73, 78, 63 S.Ct. 465, 469, 87 L.Ed. 621, 625 (1943). In Ziffrin, the United States Supreme Court reasoned that just as a change in the law between a nisi prius and an appellate decision requires the appellate court to apply the changed law, so, by like token, a change of law pending an administrative hearing or act must be followed in relation to a permit for the doing of a future act. Otherwise, said the court, the administrative body would be issuing a permit contrary to existing legislation.
The cases relied upon by Lavernia either are not applicable or apply valid exceptions to the general rule. In Goldstein v. Sweeny, 42 So.2d 367 (Fla. 1949), the Board repeatedly denied Goldstein's application for a reciprocal CPA certificate. Then the law changed. Under those circumstances, the court ruled that the applicant was entitled to have his rights adjudicated under the laws that existed when he first applied. Similarly, in Attwood v. State ex rel. Buchert, 53 So.2d 101 (Fla. 1951), Buchert applied for his certificate more than one year before the amended law became effective but the Board delayed acting on his application until after the effective date of the new law. Given those circumstances, the agency's unreasonable delay in acting upon the application precluded the agency from being entitled to judge the application by the amended law. In Department of Health and Rehabilitative Services v. Petty-Eifert, 443 So.2d 266 (Fla. 1st DCA 1983), HRS had chosen to apply the statute as of the time the application was filed rather than the statute as amended, but then on appeal sought to apply the amended statute. Understandably, this court rejected this attempt, probably on fairness grounds. Neither Attwood v. Gelbond, 40 So.2d 458 (Fla. 1949) nor Memon v. Department of Professional Regulation, Board of Medical Examiners, 504 So.2d 1341 (Fla. 1st DCA 1987), upon which Lavernia also relies, raised issues involving the application of amended statutes.
When the amended statute is applied to Lavernia's application, it becomes clear that Lavernia has no license for the Board to endorse. His temporary license, long since expired, cannot provide a basis for licensure by endorsement. As the hearing officer concluded, the record is devoid of "evidence of the active licensed practice of medicine in another jurisdiction, for at least 2 of the immediately preceding 4 years." § 458.313(1)(c), Fla. Supp. (1990).
Turning to the reasons given by the Board for denial of licensure, the hearing officer concluded that the evidence demonstrated that Lavernia met the specific training and educational requirements set out in the statute and that the Board had not demonstrated that Lavernia could not practice with reasonable skill and safety. Lavernia passed the FLEX examination, and although he failed part of the FLEX examination seven times before passing, there was no criteria in the statute that he pass the exam in a certain number of tries. Regarding the charge that Lavernia had been engaged in the unauthorized practice of medicine as an unregistered house physician, the hearing officer found that though Lavernia held the post of house physician at Memorial Hospital in Hollywood, he did not perform the range of tasks that comprise medical practice by an independent, unsupervised medical practitioner. The hearing officer concluded that Lavernia had committed an unintended technical violation of the statute which should not preclude his licensure, and recommended that Lavernia's application for licensure by endorsement be denied "without prejudice to an application for licensure by examination."
In the Board's final order, the Board rejected the hearing officer's conclusion of law that Lavernia's technical unintended violation of section 458.345 should not preclude his licensure. The Board accepted the hearing officer's recommendation that Lavernia's license application be denied but deleted the hearing officer's recommendation that this denial be "without prejudice *55 to an application for licensure by examination."
We affirm the Board's actions with one modification. The hearing officer's conclusion that Lavernia's violation of section 458.345 was unintentional was a finding of fact. B.B. v. Department of Health and Rehabilitative Services, 542 So.2d 1362, 1364 (Fla. 3d DCA 1989); Harry's Restaurant and Lounge, Inc. v. Department of Business Regulation, 456 So.2d 1286, 1288 (Fla. 1st DCA 1984). See also Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966) (question of intent of defendant to commit crime is one of fact to be decided from all circumstances). Not only did the Board accept the hearing officer's findings of fact, but as a practical matter, the hearing officer's finding that Dr. Lavernia's violation of section 458.345, Florida Statutes, was unintentional was not capable of being overturned without complying with section 120.57(1)(b)10, Florida Statutes. Nevertheless, we affirm the Board's rejection of the hearing officer's conclusion of law that a technical violation of section 458.345 is not sufficient to preclude Lavernia's licensure, as this particular conclusion prematurely ruled upon Lavernia's qualifications to gain licensure by examination. The determination of this matter should await Lavernia's application for licensure by examination. Further, we agree that the Board could treat the hearing officer's recommendation that denial of Lavernia's application for licensure by endorsement was "without prejudice to an application for licensure by examination" as mere surplusage and delete it, since nothing in the statute precludes Lavernia's reapplication.
AFFIRMED.
BOOTH and BARFIELD, JJ., concur.