671 So.2d 217 (1996)
HEALTH CARE & RETIREMENT CORPORATION OF AMERICA; HCR Limited Partnership; Arbor Health Care Company; the Florida Health Care Association, Inc.; and the Agency for Health Care Administration, Appellants,
v.
TARPON SPRINGS HOSPITAL FOUNDATION, INC., d/b/a Helen Ellis Memorial Hospital; Florida Hospital Association, Inc., Fawcett Memorial Hospital, Inc.; and St. Anthony's Hospital, Inc., Appellees.
No. 94-3042, 94-3051, 94-3052 and 94-3057.
District Court of Appeal of Florida, First District.
April 4, 1996.
John L. Wharton, Diane D. Tremor, and Chris H. Bentley of Rose, Sundstrom & Bentley, Tallahassee, for appellant Arbor Health Care Co.; Alfred W. Clark, Tallahassee, for appellants Health Care & Retirement Corp. and HCR Limited Partnership; Peter A. Lewis of Goldsmith & Grout, Tallahassee, for appellant Florida Health Care Association, Inc.; Richard A. Patterson, Tallahassee, for appellant Agency for Health Care Administration, for appellants.
Kenneth F. Hoffman and Patricia A. Renovitch of Oertel, Hoffman, Fernandez & Cole, P.A., Tallahassee, for appellees Tarpon Springs Hospital Foundation and Florida Hospital Association; John D.C. Newton II of Messer, Vickers, Caparello, Madsen, Lewis, Goldman & Metz, Tallahassee, for appellee Fawcett Memorial Hospital, Inc.; Robert *218 D. Newell of Newell & Stahl, P.A., Tallahassee, for appellee St. Anthony's Hospital, Inc., for appellees.
KAHN, Judge.
We have for review consolidated appeals from a final order of the Division of Administrative Hearings finding Rule 59-1.036(1), Florida Administrative Code, an invalid exercise of delegated legislative authority. Rule 59-1.036(1), entitled Community Nursing Home Beds, provides in pertinent part:
The community nursing home beds subject to the provisions of this rule include beds licensed by the agency in accordance with Chapter 400, Part I, F.S., and beds licensed under Chapter 395, F.S., which are located in a distinct part of a hospital that is Medicare certified as a skilled nursing unit. All proposals for community nursing home beds will be comparatively reviewed consistent with the requirements of subsection 408.039(1), F.S., and consistent with the batching cycles for nursing home projects described in paragraph 59C-1.008(1)(l), F.A.C.... The agency will not normally approve applications for new or additional community nursing home beds in any agency service subdistrict if approval of an application would cause the number of community nursing home beds in that agency service subdistrict to exceed the numeric need for community nursing home beds, as determined consistent with the methodology described in paragraphs (2)(a), (b), (c), (d), (e), and (f) of this rule.
In the final order, the hearing officer described the effect of this rule:
The challenged rule has the effect of, among other things, requiring nursing homes and hospitals who seek to operate skilled nursing facility beds to file applications for community nursing home beds in the same batching cycle, compete against each other for those beds in nursing home subdistricts and be subject to the need methodology applicable to nursing home beds. The Agency has not developed a need methodology specifically for Medicare certified distinct part skilled nursing units.
The hearing officer then made the following findings of fact demonstrating the invalidity of the rule:
29. Once an applicant to construct a nursing home opens the nursing home, the applicant does not need a separate CON to designate beds as a Medicare-certified skilled nursing unit. According to the AHCA's own witness, a freestanding nursing home can internally change its categories at any time without CON review. Pursuant to statute and agency rule, however, hospitals must obtain a CON to change the category of even one bed.
30. Although a hospital seeking hospital licensed Medicare-certified skilled nursing beds is compelled by Rule 59C-1.036(1), Florida Administrative Code, to compete against all nursing home applicants and all nursing home beds in a batched review, it faces totally different standards of construction, operation and staffing after approval.
31. Rule 59C-1.036(2), Florida Administrative Code, is the nursing home bed need formula. This formula does not result in an estimate of need for skilled nursing unit beds and projects need for total community nursing home beds only. There is currently no bed need methodology (hospital or nursing home) to ascertain the need for Medicare certified skilled nursing unit beds.
32. The Agency's inventories of freestanding nursing home beds do not separately identify Medicare-certified skilled nursing home beds in nursing homes. All that is shown is whether the beds are "community nursing home beds" or "sheltered nursing home beds." The Agency has not established how, under this inventory and regulatory scheme, it controls overbedding in Medicare-certified skilled nursing units within a specific district or subdistrict since the only such beds shown on the inventories are those in hospitals.
33. It is unreasonable and illogical to compare the need for hospital-based Medicare-certified skilled nursing unit beds with the need for all community nursing home beds. Under the present circumstances a reasonable comparison might be *219 drawn between need for hospital-based skilled nursing unit beds and freestanding nursing home skilled nursing unit beds, but the AHCA rules do not currently provide for such a comparison.
34. Determining the need for hospital-based skilled nursing unit beds by comparing such beds to all nursing unit beds constitutes poor health planning. Such hospital-based skilled nursing units do not provide similar services to similar patients when compared to all community nursing home beds and it is neither logical or reasonable to comparatively review the need for such services.
35. The challenged rule also requires hospital applicants for skilled nursing unit beds to compete with nursing homes within the nursing home subdistrict. The Agency by rule divides districts differently for nursing homes than for hospitals. Thus, some hospitals' skilled nursing unit beds are comparatively reviewed against nursing home beds of all kinds and against hospital skilled nursing beds which are not within the same hospital subdistrict.
36. As a general statement, the treatment profiles for patients in Medicare-certified skilled nursing units in hospitals and those for patients in nursing homes skilled nursing units are similar. There is, however, a distinct part of such patient population which must be treated in a setting which provides immediate access to emergency care. The provision of immediate emergency care is not typically available in nursing homes and nursing home patients in need of such care usually have to be readmitted to hospitals.
37. Care available in hospitals (physicians and registered nurses on duty at all times, laboratory and radiation services available on premises) is sufficiently different to demonstrate that Medicare-certified skilled nursing units are not comparable to such units in freestanding nursing homes in all aspects. This distinction is clearly significant to patients who need emergency services because of age, multiple illnesses, and other conditions.
Among his conclusions of law, the hearing officer found that hospital skilled nursing unit beds are, under the challenged rule, included in the overall community nursing home inventory. He noted, based upon the findings of fact set out above, that "such hospital based units are not similar in terms of services, facilities, and equipment when compared to all community nursing home beds." Section 408.039(1), Florida Statutes (1993), allows certificate of need review in the same cycle of "all completed applications pertaining to similar types of services, facilities, or equipment...." The order concludes that the challenged rule contravenes this statute.
The hearing officer's determination of non-similarity is factual, and the findings on this subject are supported by competent substantial evidence. See Adam Smith Enters., Inc. v. State, Dep't of Envtl. Reg., 553 So.2d 1260, 1273-74 (Fla. 1st DCA 1989). The order on appeal is therefore AFFIRMED.
ZEHMER, C.J., and ALLEN, J., concur.