690 So.2d 689 (1997)
AGENCY FOR HEALTH CARE ADMINISTRATION, Lifemark Hospitals of Florida, Baptist Hospital of Miami, St. Anne's Nursing Center, St. Anne's Residence, Inc., Florida Convalescent Associates, and Cedars Healthcare Group, Ltd., Petitioners,
v.
MOUNT SINAI MEDICAL CENTER OF GREATER MIAMI, Marco Healthcare Investors, Inc., Brookwood Extended Care Center of Homestead, Beverly Enterprises-Florida, Arbor Health Care Company, Meadowbrook Healthcare Services of North Carolina, Marriott Senior Living Services, Miami Beach Healthcare Group, Ltd., and Kendall Healthcare Group, Ltd., Respondents.
No. 96-3144
District Court of Appeal of Florida, First District.
April 1, 1997.
Richard Patterson, Senior Attorney, Agency for Health Care Administration, Tallahassee, for petitioner AHCA.
Michael Glazer and Stephen Emmanuel, Tallahassee, for petitioner Lifemark Hospitals of Florida.
Robert A. Weiss & Karen A. Putnal of Parker, Hudson, Rainer & Dobbs, Tallahassee, Thomas D. Watry, Atlanta, GA, for petitioner Baptist Hospital of Miami.
*690 Paul H. Amundsen of Amundsen & Moore, Tallahassee, for petitioner St. Anne's Nursing Center.
Thomas F. Panza, Jennifer Kujawa Graner and Seann M. Frazier of Panza, Maurer, Maynard & Nell, Fort Lauderdale, for intervenor, Integrated Health Services of Greenbriar, Inc., d/b/a Integrated Health Services of Greenbriar.
Gerald B. Sternstein & Frank P. Rainer of Ruden, Barnett, McClosky, Smith, Schuster & Russell, Tallahassee, for petitioner Florida Convalescent Associates.
Stephen A. Ecenia & Thomas W. Konrad of Rutledge, Ecenia, Hoffman, Underwood & Purnell, Tallahassee, for petitioner Cedars Healthcare Group.
Alfred C. Clark, Tallahassee, for respondent Health Care & Retirement Corporation of America.
David M. Maloney, Administrative Law Judge, Division of Administrative Hearings, Tallahassee, pro se, respondent.
Sharyn Smith, Director, Division of Administrative Hearings, Tallahassee, for respondent DOAH.
R. Terry Rigsby, Wendy Delvecchio & Geoffrey D. Smith of Blank, Rigsby & Meenan, Tallahassee, for respondent Mount Sinai Medical Center of Greater Miami.
Theodore E. Mack of Cobb, Cole & Bell, Tallahassee, for respondent Brookwood Extended Care Center of Homestead.
Douglas L. Mannheimer of Broad & Cassell, Tallahassee, for respondent Beverly Enterprises-Florida.
John L. Wharton, Chris H. Bentley & Diane D. Tremor of Rose, Sundstrom & Bentley, Tallahassee, for respondent Arbor Health Care Company.
Robert D. Newell, Jr., of Newell & Stahl, Tallahassee, for respondent Marriott Senior Living Services.
Stephen A. Ecenia & Thomas W. Konrad of Rutledge, Ecenia, Hoffman, Underwood & Purnell, Tallahassee, for respondents Miami Beach Healthcare Group, Ltd. and Kendall Healthcare Group, Ltd.
PER CURIAM.
The Agency for Health Care Administration (AHCA) and certain applicants for nursing home bed certificates of need (CON) petition this court for a writ of mandamus. We elect to treat the petition as one seeking review of non-final agency action pursuant to section 120.68(1), Florida Statutes (Supp. 1996)[1] and, for the reasons set forth below, grant relief.

FACTS
AHCA announced a pool of nursing home beds in Dade County for which various hospitals and nursing homes applied. The agency awarded beds to certain providers who now appear before this court as co-petitioners. The applications of various other parties were denied and they are here named as respondents. The unsuccessful parties sought a formal administrative hearing and the matter was referred to the Division of Administrative Hearings (DOAH). The matter was originally set for final hearing in June but respondent Brookwood-Extended Care of Homestead filed a motion to sever or, in the alternative, to remand. The motion relied upon Health Care and Retirement Corp. v. Tarpon Springs Hospital, 671 So.2d 217 (Fla. 1st DCA 1996) and requested that the hospital applicants be severed from the proceeding or the case be remanded to AHCA for further review. On May 13, 1996, the administrative law judge (ALJ) entered an order relinquishing jurisdiction back to AHCA and requesting instructions on how to proceed in light of Tarpon Springs. On July 9 AHCA remanded the case back to the ALJ and advised that the agency did not consider Tarpon Springs as having any application to the CON batching cycle at issue. On July 22, DOAH issued an order declining remand. ALJ Maloney respectfully disagreed with the agency's analysis of Tarpon Springs and how it applied to this case and refused to conduct a formal hearing.

*691 ARGUMENTS OF THE PARTIES
AHCA and certain of the approved applicants petition this court for a writ of mandamus, arguing that they are entitled to an administrative hearing pursuant to sections 120.57 and 408.039(5).[2] Their arguments may be summarized as follows. Manasota 88 v. Tremor, 545 So.2d 439 (Fla. 2d DCA 1989) and Collier Development Corp. v. Department of Environmental Regulation, 592 So.2d 1107 (Fla. 2d DCA 1991) support the mandamus remedy in this circumstance. Despite the ALJ's disagreement over the correct interpretation of the Tarpon Springs decision, the parties and AHCA are entitled to have a formal hearing held. The case has reached a stalemate which can only be resolved by intervention from this court at this time.
A show cause order issued and DOAH and three of the disappointed CON applicants filed a joint response. They contend that the ALJ correctly relied upon Tarpon Springs which invalidated rule 59C-1.036(1). After that decision there is no authority for AHCA or DOAH to co-batch applications and conduct comparative review of hospitals seeking skilled nursing units (SNU) beds with free-standing nursing homes seeking community nursing home beds. Mandamus will not lie to compel the performance of an act that is futile or impossible to perform. Migliore v. City of Lauderhill, 415 So.2d 62 (Fla. 4th DCA 1982), approved, 431 So.2d 986 (Fla. 1983). Rule 59C-1.008(2) requires that applications submitted in the same batching cycle for the same service or beds be comparatively reviewed. This court held in Tarpon Springs that hospital-based SNUs are not the same service or beds as community nursing homes. The two dissimilar services should not be comparatively reviewed. Petitioners are asking this court to compel the ALJ to engage in the futile act of comparing services that are, as a matter of law, so dissimilar as to preclude comparison. When mandate issued in Tarpon Springs, in April 1996, the challenged rule was void and had no effect. Petitioners are essentially telling DOAH to resurrect the rule invalidated in Tarpon Springs. The agency must apply the law in effect at the time it makes its final decision. Bruner v. Board of Real Estate, 399 So.2d 4 (Fla. 5th DCA 1981). No final decision has yet been rendered in the instant proceedings. Where there is a change in law in a licensure matter, the law at the time of the decision, rather than when the application was filed, determines whether the license should be granted. Lavernia v. Department of Professional Regulation, 616 So.2d 53 (Fla. 1st DCA), review denied, 624 So.2d 267 (Fla.1993). Petitioners relied below on Central Florida Regional Hospital v. Department of Health and Rehabilitative Services, 582 So.2d 1193 (Fla. 5th DCA), review denied, 592 So.2d 679 (Fla.1991) but that case did not involve the striking down of an agency rule. Applications for CON which are not mutually exclusive are not subject to the burdensome process of comparative review. By attempting to force the parties to participate in a comparative hearing under these circumstance, AHCA is acting outside the scope of its delegated authority. Petitioners' reliance upon Manasota 88 and Collier Development Corp. is misplaced because in neither of those cases did an appellate court invalidate the rule underlying the administrative hearing. Performing a comparative review of applications for nursing home beds and for SNU beds is beyond AHCA's delegated legislative authority and is not a legitimate ministerial act that may be required of DOAH.
Petitioners replied to the response, arguing that mandamus should issue and DOAH should be required to create a factual record. They point out that one of the hospital-based applicants proposes to construct a free-standing nursing facility which has the attributes of a standard nursing home but which seeks to take advantage of being classified as hospital-based. In an administrative hearing the parties and the agency would be given an opportunity to present evidence and argument on all issues involved. At hearing a record will be developed on the issue of whether Tarpon Springs applies or does not. *692 There is no need to remand the case back to the agency in mid-stream to reprocess this batching cycle. The agency has a rule for developing a record in this type of case. See Rule 59C-1.008(2)(e). A decision at this point is premature. An ALJ must hold a hearing and develop facts and a record to determine the manner in which to proceed. Upon issuance of a recommended order the agency will have the ability to review the record and issue the final order. The demand that the agency reconfigure the entire batching cycle without a record is premature. According to Central Florida Regional Hospital v. Department of Health and Rehabilitative Services, 582 So.2d 1193 (Fla. 5th DCA 1991), standards for review of applications are fixed at the time the applications are filed. At the beginning of the review cycle a mechanism is provided for a party to contest the pool determination. If that mechanism is not utilized, the applicant has waived the right to contest the characteristics of the fixed need pool. Petitioners argue that Tarpon Springs cannot be retroactively applied in this situation. Young v. Altenhaus, 472 So.2d 1152 (Fla.1985); Walker v. Department of Transportation, 366 So.2d 96 (Fla. 1st DCA 1979); Gulfstream Park v. Department of Business Regulation, 407 So.2d 263 (Fla. 3d DCA 1981). Premature termination of the comparative review process would contravene rule 59C-1.008(2)(e). As for respondents' reliance upon Lavernia, that case noted there were exceptions to the general rule and that changes in licensure law should not be retroactively applied in cases of hardship or unworkability. Here application of Tarpon Springs would work a severe injustice and prejudice the applicants for hospital-based SNUs. Respondents, according to petitioners, fail to explain what alternative form of review would be possible in the pending batching cycle if Tarpon Springs is retroactively applied to these applications.

REMEDY
On our own motion we have examined the issue of whether mandamus, the remedy sought by petitioners, is the most appropriate in this circumstance. See Art. V, § 2(a), Fla. Const.; Fla.R.App.P. 9.040(c). While mandamus is not entirely improper here, the extraordinary writ should not issue where there is an adequate legal remedy. Hall v. Key, 476 So.2d 787, 788 (Fla. 1st DCA 1985). Section 120.68(1), Florida Statutes, is such a legal remedy, and provides for interlocutory review "if review of the final agency decision would not provide an adequate remedy." In this case it is not clear when or if a final agency decision will issue absent intervention by this court to resolve the stalemate. Further, if AHCA is forced to issue a final order without an administrative hearing, it is unlikely that the agency could obtain judicial review of its own order. Our conclusion regarding the appropriate remedy is reinforced by section 120.68(6)(a) which provides that "[t]he reviewing court's decision may be mandatory, prohibitory, or declaratory in form, and it shall provide whatever relief is appropriate irrespective of the original form of the petition."[3] Accordingly, we elect to treat this proceeding as one seeking relief pursuant to section 120.68(1), Florida Statutes.

DISCUSSION
Our identification of the proper remedy assists in the resolution of an important threshold issue, that is, whether this court, at this juncture, should determine whether the proceedings below are controlled by the rule invalidated by this court in Tarpon Springs. Guided by the language of section 120.68(6)(a), we disagree with petitioners and find that deciding this question is neither premature nor outside the proper scope of the cause before us.
We also find that the issue is not a difficult one to resolve. In Lavernia it was recognized that this state follows the general rule that a change in a licensure statute which occurs during the pendency of an application is operative as to that application. 616 So.2d at 53. We logically extend that reasoning and reach the same result with *693 regard to a change in relevant agency rules after the application is complete but before a final decision is made. Although Lavernia recognized there are certain exceptions to the general rule, the instant case, where an agency rule has been stricken as an invalid exercise of delegated legislative authority, is not one of them.
While we agree with respondents that the proceedings below must be conducted in accordance with Tarpon Springs, we are not persuaded that it must therefore be concluded that a formal administrative hearing is a "futile or impossible" act. In Gulf Court Nursing Ctr. v. Department of Health & Rehabilitative Services, 483 So.2d 700 (Fla. 1st DCA 1985), this court held that the pool of beds for a pending CON is fixed and not subject to dispute in an administrative hearing. That rationale, however, is not applicable in the instant situation where the agency does not have a valid rule to compute the need for the different types of nursing home beds at issue. Therefore, one of the issues in the administrative hearing below will be the number of beds to be properly included in the pools for SNUs and community nursing homes. There is precedent for litigating CON bed need in cases decided before Gulf Court. See Collier Medical Ctr., Inc. v. State, Department of Health & Rehabilitative Services, 5 F.A.L.R. 2069-A (Fla.Dept. of HRS 1983); Marion Community Hospital v. Department of Health & Rehabilitative Services, 5 F.A.L.R. 1585-A (Fla.Dept. of HRS 1983); Southeastern Palm Beach County Hospital District v. State, Department of Health & Rehabilitative Services, 5 F.A.L.R. 1019-A (Fla.Dept. of HRS 1982). At the hearing the agency may advocate its proposed rule as to proper methodology. See 22 Fla.Admin.Weekly 5560. Once need is established the applicants and the agency may litigate the issue of which applicants should be approved in accordance Bio-Medical Applications, Inc. v. Department of Health & Rehabilitative Services, 370 So.2d 19 (Fla. 2d DCA 1979).

CONCLUSION
We treat the petition for writ of mandamus as seeking review of non-final agency action pursuant to section 120.68(1), Florida Statutes (Supp.1996), and grant the petition. The cause is remanded to the Division of Administrative Hearings and Administrative Law Judge Maloney with directions to conduct a formal administrative comparative hearing in accordance with our opinion.
ERVIN and KAHN, JJ., concur.
BENTON, J., concurs with opinion.
BENTON, Judge, concurring.
However disfavored ordinarily, interlocutory review is necessary here: With the Administrative Law Judge (ALJ) within the Division of Administrative Hearings (DOAH) and the Agency for Health Care Administration (AHCA) at an impasse, the litigants have no other forum.
In response to the invalidation in midstream of part of a rule under which all parties had been proceeding, the ALJ's order relinquishing jurisdiction declared that, without the rule provision, "this proceeding has no structure left to support it."
Not disagreeing with this assessment, AHCA's order remanding advised the ALJ to ignore our decision in Health Care and Retirement Corporation of America v. Tarpon Springs Hospital Foundation, 671 So.2d 217 (Fla. 1st DCA 1996), in which we had affirmed the administrative invalidation of the rule provision. The ALJ properly rejected this advice in an order declining remand.
The order declining remand went on to explain why the Tarpon Springs decision precluded comparative review of "applications for hospital-based distinct part skilled nursing beds ... with applications for all types of nursing home beds," each with the other. But nothing in Tarpon Springs precludes dividing the applications into subgroups, and reviewing applications comparatively within each subgroup.
Such an approach would require bifurcation of the proceeding into a preliminary phase in which subgroups are delineated and assigned an appropriate fraction of the "fixed need pool," and a second phase in which comparative review takes place, but only among the applications within each subgroup. *694 A party daunted by the probable complexity of such proceedings can withdraw its application or objection.
In reversing the order declining remand in part, we evince confidence in the ALJ's ability, in keeping with due process, to replace the invalidated rule provision with a "structure" fully compatible with remaining rule provisions and the governing statute, after hearing all parties on the questions the partial rule invalidation has raised, and considering such evidence as may be necessary after the exhaustive prehearing conference(s) the case will no doubt require.
Even if AHCA had accepted the relinquishment of jurisdiction and sought to resolve all the issues to which the invalidation of the rule provision has given rise, the resulting "free form agency action" would have been subject to de novo consideration before the ALJ. Such additional delay is unwarranted.
Regarding the normal working relationship between DOAH and agencies which refer matters to DOAH for substantial interest hearings, little, if anything, should be inferred from today's decision. AHCA and DOAH have not been fighting for turf. They have instead been involved in an elaborate Alphonse and Gaston routine concerning which agency will make decisions all agree must be made.
NOTES
[1] Unless otherwise noted, references to chapter 120, Florida Statutes, herein are to the 1996 version. Life Care Centers of America, Inc. v. Sawgrass Care Center, Inc., 683 So.2d 609 (Fla. 1st DCA 1996).
[2] ALJ Maloney and DOAH were named as respondents but we have sua sponte revised the style of the case and deleted them from the caption to comply with new Florida Rule of Appellate Procedure 9.100(e)(1).
[3] The petition for writ of mandamus was filed within 30 days of the order of July 22, 1996, and is therefore timely, if treated as a petition for review of non-final agency action. See Fla. R.App.P. 9.100(c)(3)