KAHN, Judge,
dissenting.
In my view, the order below is fatally infected by the Agency’s erroneous conclusion that our Tarpon Springs Hospital decision did not invalidate the 94-bed fixed-need pool established by the Agency under Rule 59C-1.036(1), Florida Administrative Code. It is now clear that “one of the issues in [certificate of need hearings] will be the number of beds to be properly included in the pools for [skilled nursing units] and community nursing homes.” Agency for Health Care Administration v. Mt. Sinai Medical Center of Greater Miami, 690 So.2d 689, 693 (Fla. 1st DCA 1997).
The majority recognizes the error but excuses it on the basis that the Agency properly found that St. Joseph’s failed to prove its need for 24 skilled nursing unit beds. My reading of the order below, however, persuades me that the Agency’s decision turned on its conclusion, now invalidated, that no beds beyond those established in the fixed-need pool were available. I would remand this case to the Agency for reconsideration in light of Mt. Sinai Medical Center. A new hearing would not be required because St. Joseph’s, anticipating the fate of the skilled nursing unit fixed-need pool after Tarpon Springs Hospital, put on a case to establish its need for hospital-based skilled nursing units.
I therefore respectfully dissent from the decision affirming the Agency order.