773 So.2d 1179 (2000)
MIAMI-DADE COUNTY DEMOCRATIC PARTY and Florida Democratic Party, Petitioners,
v.
MIAMI-DADE COUNTY CANVASSING BOARD; Lawrence D. King, in his official capacity as chairman of the Miami-Dade County Canvassing Board; Myriam Lehr, in her official capacity as member of the Miami-Dade County Canvassing Board; David C. Leahy, in his official capacity as member of the Miami-Dade County Canvassing Board, the Republican Party of Dade County, Respondents.
No. 3D00-3318.
District Court of Appeal of Florida, Third District.
November 22, 2000.
Coffey, Diaz & O'Naghten, LLP and Kendall Coffey, Miami; Stephen Zack and Zack Koznitsky, Miami; Sale & Kuehne, P.A. and Benedict P. Kuehne, Miami; Berger, Davis & Singerman, and Mitchell W. Berger, and Leonard K. Samuels (Ft. Lauderdale); Eckert, Seamans, Cherin & Mellot and Henry Latimer (Ft. Lauderdale); Sutherland, Asbill & Brennan, LLP and Teresa Wynn Roseborough (Georgia); Ronald A. Klain (Washington, D.C.); Robert F. Bauer (Washington, D.C.); Geller, Geller, Beskin, Shienvold, Fisher & Garfinkel, LLP, and Peggy Fisher, and Joseph *1180 S. Geller (Hollywood); Ryan, Phillips, Utrecht and MacKinnon and Lyn Utrecht (Washington, D.C.), for petitioners.
Robert A. Ginsburg, Dade County Attorney, and Murray A. Greenberg, First Asst. County Attorney, and Lee Kraftchick, and Thomas A. Tucker Ronzetti, and William X. Candela, Assistant County Attorneys; Greenberg, Traurig, P.A., and Roberto Martinez, and Miguel DeGrandy, and Raquel A. Rodriguez, and Barbara Logoa, Miami; Allen & Galego and Robert N. Allen, Jr., Miami, for respondents.
Before COPE, GODERICH, and GREEN, JJ.
PER CURIAM.
Petitioners, Miami-Dade County Democratic Party and the Florida Democratic Party seek an emergency writ of mandamus compelling the Miami-Dade County Canvassing Board ("Canvassing Board") to continue the manual recount of ballots in Miami-Dade County for the 2000 Presidential election. For the reasons which follow, we deny the petition.
On Friday, November 17, 2000, the Canvassing Board exercised its discretion to begin a manual recount of all ballots cast in Miami-Dade County in the Presidential election held on November 2, 2000. The Canvassing Board had previously conducted a "sample" manual recount of ballots from three of its precincts pursuant to section 102.166(4)(d), Fla. Stat. (1999). The results of that sample recount showed "an error in the vote tabulation which could effect the outcome of the election[,]" thus triggering the Canvassing Board's mandatory obligation to recount all of the ballots in the county. See § 102.166(5)(c), Fla. Stat. (1999).[1]
The manual recount began on November 20, 2000. On November 21, 2000 the Florida Supreme Court issued its opinion and order in the consolidated case of Palm Beach County Canvassing Board v. Harris, 772 So.2d 1220 (Fla.2000). In that decision, the supreme court held that:
amended certifications must be filed with the Elections Canvassing Commission by 5:00 p.m. on Sunday, November 26, 2000 and the Secretary of State and the Elections Canvassing Commission shall accept any such amended certifications.... The certificates made and signed by the Elections Canvassing Commission pursuant to section 102.121 shall include the amended returns accepted through the dates set forth in this opinion.
Harris, at 1240.
The following day, November 22, 2000, the Canvassing Board suspended the manual recount and voted to use the election returns previously compiled.[2] The Canvassing Board stated that, in its view, it would be impossible to complete the recount before the deadline set forth by the Supreme Court.
Since the Canvassing Board has determined that a complete manual recount cannot be done within the time frame set in Harris, mandamus cannot lie. See Agency for Health Care Admin. v. Mt. Sinai Med. Ctr. of Greater Miami, 690 So.2d 689 (Fla. 1st DCA 1997) ("Mandamus will not lie to compel the performance of an act that is futile or impossible to perform.").
This ruling is without prejudice to the petitioners to seek relief in the Florida Supreme Court from the court-ordered deadline and to ask the Supreme Court to *1181 fashion an equitable remedy tailored to the conditions of Miami-Dade County.
Mandamus denied.
NOTES
[1] Section 102.166 provides in pertinent part:

(5) If the manual recount indicates an error in the vote tabulation which could effect the outcome of the election, the county canvassing board shall:
* * *
(c) Manually recount all ballots.
§ 102.166(5)(c), Fla. Stat. (1999).
[2] Earlier that same day, the panel had decided to limit the county recount to 10,750 "undervotes" ballots on which no vote was registered by counting machines.