# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2000
Lower Tribunal Nos. 16-517 & DCF-16-146-FO

_____

**E.J.,**
Appellant,

vs.

**Department of Children and Families,**
Appellee.

An Administrative Appeal from the Department of Children and Families.

Gallardo Law Offices, P.A. and Jesus Novo, for appellant.

Pamela Jo Bondi, Attorney General, and Carrol Y. Cherry Eaton, Senior Assistant Attorney General (Ft. Lauderdale), for appellee.

Before SUAREZ, C.J., and FERNANDEZ and LOGUE, JJ.

SUAREZ, C.J.

E.J. appeals from a final order of the Department of Children and Families ["DCF"] denying her request for an exemption from disqualification for employment as a child care worker. We affirm.

In 2006, E.J. was convicted of an aggravated assault. She successfully completed the terms of her probation, which ended in 2011. She has no other offenses on her record. Since then, she has obtained her A.A. degree in early childhood education and sought to apply for childcare positions. She was disqualified because of her criminal record, and in 2015 applied to DCF for an exemption from disqualification. The DCF denied her application, and E.J. timely requested a formal administrative hearing. The matter was referred to the Division of Administrative Hearings ["DOAH"] and an administrative law judge ["ALJ"] held a hearing on March 31, 2016. In April 2016 the ALJ issued a Recommended Order concluding that E.J. had met her burden of proving rehabilitation by clear and convincing evidence, pursuant to section 435.07(4), Florida Statutes. The DCF filed exceptions to the Recommended Order.

While E.J.'s appeal was pending before DOAH, section 435.07(4) was amended by section 1 of Chapter 2016-98, Laws of Florida. That amendment prohibited DCF from granting exemptions for current or prospective child care workers who were charged with or convicted of enumerated offenses, of which aggravated battery is one.[1] The amendments became effective July 1, 2016. On

---

[1] Effective July 1, 2016:

§ 435.07 (4)(c) Disqualification from employment under this chapter may not be removed from, and an exemption may not be granted to, any current or prospective child care personnel, as defined in s. 402.302(3), and such a person is disqualified from employment as child care personnel, regardless of any previous exemptions

2

July 28, 2016, DOAH issued its Final Order accepting DCF's exceptions and denying E.J.'s application for exemption from disqualification.

Under current statutory circumstances, we must affirm the Order below because the law changed during the pendency of E.J.'s application for exemption. Florida follows the general rule that "a change in a licensure statute that occurs during the pendency of an application for licensure is operative as to the application, so that the law as changed, rather than as it existed at the time the application was filed, determines whether the license should be granted." Lavernia v. Dep't of Prof'l Regulation, Bd. of Med., 616 So. 2d 53, 53–54 (Fla. 1st DCA 1993); see also Agency for Health Care Admin. v. Mount Sinai Med. Ctr. of Greater Miami, 690 So. 2d 689, 691 (Fla. 1st DCA 1997) (holding Lavernia extended to administrative rules, as "[t]he agency must apply the law in effect at the time it makes its final decision."). Because E.J.'s application and appeal were pending when the statutory changes went into effect on July 1, 2016, and the Final

_____

from disqualification, if the person has been registered as a sex offender as described in 42 U.S.C. s. 9858f(c)(1)(C) or has been arrested for and is awaiting final disposition of, has been convicted or found guilty of, or entered a plea of guilty or nolo contendere to, regardless of adjudication, or has been adjudicated delinquent and the record has not been sealed or expunged for, any offense prohibited under any of the following provisions of state law or a similar law of another jurisdiction:
1. A felony offense prohibited under any of the following statutes:
  . . .
  d. Section 784.021, relating to aggravated assault.

3

Order was rendered July 28, 2016 after the statutory amendments' effective date, we conclude DCF was statutorily barred from granting E.J. an exemption.

In addition, Florida courts have also upheld disqualification from employment based upon convictions occurring before the effective date of chapter 435, Fla. Stat. See Sledge v. Dep't of Children & Families, 861 So. 2d 1189 (Fla. 5th DCA 2003). See also Heburn v. Dep't of Children & Families, 772 So. 2d 561, 563 (Fla. 1st DCA 2000) (holding that an exemption from a statute enacted to protect the public welfare is strictly construed against the person claiming the exemption, and the Department is not required to grant a petitioner any benefits under the exemption); Phillips v. Dep't of Juvenile Justice, 736 So. 2d 118, 119 (Fla. 4th DCA 1999) ("[E]ven if Phillips' presentation constituted clear, convincing, and unrefuted evidence that he qualified for an exemption, the agency was not under any obligation to give him one.").

Finally, no abuse of discretion is shown in the record. See Thomas v. Dep't of Juvenile Justice, 730 So. 2d 809 (Fla. 3d DCA 1999) ("This court may not substitute its judgment for that of the agency on an issue of discretion."). The Final Order on appeal is affirmed.