IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DEPARTMENT OF REVENUE
o/b/o HANNA MAY ROSE
PETERSON,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Petitioner,

CASE NO. 1D15-2456

v.

JEREMIAH KENNETH
JOHNSON,

Respondent.

_____/

Opinion filed November 3, 2015.

Petition for Review of Non-Final Agency Action.
James H. Peterson, III, Judge.

Pamela Jo Bondi, Attorney General, Toni C. Bernstein, Senior Assistant Attorney
General, Tallahassee, for Petitioner Department of Revenue.

No appearance for Respondent.

THOMAS, J.

The Department of Revenue (DOR) seeks interlocutory relief from an order by

an Administrative Law Judge (ALJ) of the Division of Administrative Hearings

(DOAH) instructing DOR to commence proceedings for modification of an

administrative support order. For the reasons explained below, we grant DOR's request.

Pursuant to section 409.2564(11)(a), Florida Statutes, DOR informed Respondent that he was entitled to a review of the administrative support order that obligated him to pay child support in a certain amount. Respondent requested a review, and DOR ultimately determined that no modification to the order was warranted. DOR also notified Respondent that he was entitled to a hearing to review its determination, and Respondent chose to avail himself of this option.

At the hearing, the ALJ informed the parties that, based on his reading of this court's opinion in Department of Revenue v. Dove, 152 So. 3d 1278 (Fla. 1st DCA 2015), he lacked subject-matter jurisdiction to conduct the hearing because DOR had not yet filed a proposed modification order. The ALJ subsequently entered an order finding, in relevant part:

> As DOR never prepared or filed a proposed order on its intended action to deny modification, the Division of Administrative Hearings' subject matter jurisdiction was not properly invoked by filing the requisite pleadings and notices as required by section 409.2563, Florida Statutes. Therefore, in accordance with the decision rendered by the First District Court of Appeal in [Department of Revenue v. Dove], this case is Remanded back to DOR with directions to begin modification proceedings under section 409.2563.

DOR contends that the ALJ misinterpreted Dove, and that without an order including findings to support modification of the support order, DOR lacks a good-

2

faith basis on which to commence modification proceedings after having already determined that no such proceedings were warranted. Thus, DOR argues, the ALJ has created a judicial stalemate because no final agency decision can be reached, leaving DOR with no recourse other than interlocutory review. We agree.

As in Dove, the ALJ conflated the purpose of a hearing held after DOR determines that no modification action is warranted after conducting a review pursuant to section 409.2564(11)(a), with the purpose of a hearing held pursuant to section 409.2563(5)(c) after DOR submits a proposed modified support order. When DOR determines no modification proceedings are justified, the only issue for the ALJ to decide is whether that determination is correct. Thus, an ALJ must conduct an evidentiary hearing and make findings as to whether it is appropriate to affirm DOR's determination, or whether the obligor-parent is entitled to modification. If the latter, the ALJ should instruct DOR to commence modification proceedings based on the ALJ's factual and legal findings.

In Dove, DOR determined that no modification was warranted, and the obligor-parent requested a hearing. The ALJ conducted the hearing, during which it considered evidence addressing DOR's determination. The ALJ found that modifying the support order was in fact justified. Where the ALJ erred, however, was in issuing a modified support order as opposed to an order instructing DOR to commence modification proceedings based on the ALJ's findings. This was error because an ALJ lacks

3

subject-matter jurisdiction to issue a modified support order pursuant to section 409.2563(12) unless the pleadings required by sections 409.2563(4) and (5) have been filed, including a proposed modified support order.

Here, the ALJ read <u>Dove</u> too broadly, and found that not only did he lack subject-matter jurisdiction to render a modified support order because a proposed modified order had not been filed, but that he also lacked such jurisdiction to conduct an evidentiary hearing to address a DOR determination that no modification proceedings are warranted in the first place. Thus, the ALJ erred in determining he could not conduct an evidentiary hearing.

The ALJ's order leaves the parties in judicial limbo because it does not provide any legal or factual basis on which DOR is to proceed. This, in turn, prevents entry of a reviewable final administrative order. As in <u>Agency for Health Care Administration v. Mount Sinai Medical Center of Greater Miami</u>, 690 So. 2d 689, 692 (Fla. 1st DCA 1997), the procedural posture resulting from the ALJ's order renders it unclear "when or if a final agency decision will issue absent intervention by this court to resolve the stalemate."

Based on the foregoing, DOR has established its entitlement to interlocutory review. Thus, the ALJ's order is quashed, and this matter is remanded with instructions to DOAH to conduct a hearing to review DOR's determination that modification proceedings are unwarranted, and issue an order consistent with the

4

ALJ's findings.

Petition GRANTED and REMANDED with instructions consistent with this opinion.

WOLF and KELSEY, JJ., CONCUR.