IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FLORIDA DEPARTMENT OF
REVENUE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Petitioner,

CASE NO. 1D15-5135

v.

JOHN GARRISON SEELEY and
SARAH ANN GILBRIDE,

Respondents.

_____/

Opinion filed March 11, 2016.

Petition to Review Non-Final Agency Action – Original Jurisdiction.

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for Petitioner.

No appearance for Respondents.

PER CURIAM.

This is a petition to review a non-final order rendered by an Administrative Law Judge (ALJ) requiring the Department of Revenue (DOR) to begin downward modification proceedings with respect to respondent John Garrison Seeley's child

support payments. We have jurisdiction pursuant to § 120.68(1), Florida Statutes, Florida Rules of Appellate Procedure 9.030(b)(1)(C) and 9.100(c)(3). Because the ALJ improperly reserved jurisdiction below, we grant the petition.

## I.

Mr. Seeley requested that DOR conduct a review of his child support payments in accordance with § 409.2564(11)(a), Florida Statutes. DOR conducted the review and denied Mr. Seeley's request. Mr. Seeley then requested an administrative hearing.

The ALJ held a hearing and found that Mr. Seeley was entitled to a downward modification of his child support payments. The ALJ ordered DOR to begin modification proceedings, but reserved jurisdiction over the case. DOR then petitioned this Court to review the ALJ's order.

## II.

DOR contends that it cannot comply with the ALJ's order to begin downward modification proceedings because the ALJ has reserved jurisdiction over the case. We agree.

Section 120.569(2)(a), Florida Statutes, states in pertinent part, "The referring agency shall take no further action with respect to a proceeding under s. 120.57(1), except as a party litigant, as long as the division has jurisdiction over the proceeding under s. 120.57(1)." As such, DOR cannot begin downward modification proceedings while the ALJ retains jurisdiction because doing so would be improper pursuant to §

2

120.659(2)(a).

We have previously held:

> When DOR determines no modification proceedings are justified, the only issue for the ALJ to decide is whether that determination is correct. Thus, an ALJ must conduct an evidentiary hearing and make findings as to whether it is appropriate to affirm DOR's determination, or whether the obligor-parent is entitled to modification. If the latter, the ALJ should instruct DOR to commence modification proceedings based on the ALJ's factual and legal findings.

Dep't of Revenue v. Johnson, 177 So. 3d 697, 699 (Fla. 1st DCA 2015).

In the instant case, the ALJ's reservation of jurisdiction places the parties in "judicial limbo" because DOR cannot move forward with the downward modification proceedings. Id.

### III.

In part it appears that the ALJ's decision to reserve jurisdiction was to ensure that any proposed downward modification order from DOR will be retroactive to the time Mr. Seeley initially requested relief. Although we have held that an ALJ may retroactively modify an existing administrative child support order, we have not provided an exception allowing an ALJ to reserve jurisdiction in an administrative child support modification case while allowing DOR to institute downward modification proceedings. See Dep't of Revenue v. Wolf, 164 So. 3d 101 (Fla. 1st DCA 2015).

### IV.

Therefore, we GRANT the petition and REVERSE and REMAND to the ALJ for further proceedings consistent with this opinion.

WETHERELL, RAY, and WINOKUR, JJ., CONCUR.